[No. B078695. Second Dist., Div. Five. Sept. 20, 1995.]

ROBERT MICHAEL, Plaintiff and Appellant, v.
DARYL GATES, as Chief of Police, etc., et al., Defendants and
Respondents.

**COUNSEL**

Matthew R. Rutherford for Plaintiff and Appellant.

James K. Hahn, Frederick N. Merkin and Arthur B. Walsh for Defendants and Respondents.

## OPINION

**ARMSTRONG, J.**—This case presents issues regarding the application of Penal Code section 832.7, Evidence Code section 1043, and the constitutional right to privacy to a novel factual situation. Specifically, we are asked to determine whether, when a former police officer testifies against a police department in a lawsuit, the law enforcement agency which employed the officer may allow its lawyer to review the officer's personnel records in order to evaluate their use as impeachment at trial, without compliance with the procedural requirements of Evidence Code sections 1043 and 1045. We determine that the Evidence Code's procedural requirements are not applicable to the facts just described, and that under those circumstances, inspection of records by the law enforcement agency and its attorney violates no statutory or constitutional right. We therefore affirm the trial court.

*Facts*

Appellant Robert Michael is a retired Los Angeles police captain who works as a consultant on police tactics and procedures. In November of 1990, he testified as an expert witness for the plaintiff, Craig, in a lawsuit (the Craig lawsuit) against the City of Los Angeles, the Los Angeles Police Department (the Police Department), and two Los Angeles police officers. Appellant was not deposed prior to the trial of the Craig lawsuit, and the Craig defendants did not move under Evidence Code section 1043 to discover his personnel records.

During trial of the Craig lawsuit, a police lieutenant who acted as a liaison between the Police Department and the Los Angeles City Attorney (the City Attorney) and as an investigator for the City in the lawsuit, reviewed appellant's police department personnel records in order to determine whether those records contained information which might be useful during cross-examination of appellant, or to impeach appellant. The lieutenant also provided those records to the deputy city attorney who represented the defendants in the Craig lawsuit. The deputy city attorney reviewed the records for the same purpose.

After examining the records, the deputy city attorney announced, in open court but outside the presence of the jury, that he intended to cross-examine appellant with information contained in the personnel records, and to impeach appellant with that information. Counsel for Craig objected. The trial court sustained the objection and ordered the records sealed.

Appellant filed this lawsuit, alleging causes of action for invasion of privacy, negligence, interference with economic advantage, infliction of emotional distress, and violation of Penal Code section 832.7 and Evidence Code section 1043.[1] He named as defendants respondents the City of Los Angeles and four of its employees, members of the Police Department and the City Attorney's office.[2] Factually, in each cause of action appellant alleged that the Police Department disclosed his personnel records to the deputy city attorney without notice or court order, contrary to the mandates of Penal Code section 832.7 and Evidence Code section 1043 and contrary to his constitutional right to privacy.[3]

The case was tried to the court, on stipulated facts, on the issue of liability alone; the court found for respondents on all counts. The court's reasoning, set forth in its tentative decision, included the observation that "there was no disclosure or discovery within the meaning of Evidence Code section 1043."

## Discussion

Penal Code section 832.7[4] and Evidence Code section 1043[5] were adopted by the Legislature in response to the Supreme Court's ruling in *Pitchess* v.

---

[1]Additional causes of action were apparently disposed of by demurrer.

[2]In addition to the City of Los Angeles and named individual employees (including the police lieutenant and deputy city attorney who reviewed the records), appellant sued the City Attorney and the Police Department. Appellant later stipulated that in suing the City Attorney and the Police Department, he had merely sued the city under other names.

[3]The parties have stipulated that in the Craig lawsuit, during argument on the admissibility of appellant's personnel records, the deputy city attorney made representations regarding some of the information contained in those records. In his complaint, appellant alleged that by so doing the deputy city attorney violated his rights. He does not, however, argue that point on appeal, and we consider the matter waived.

[4]Penal Code section 832.7 provides, in pertinent part: "(a) Peace officer personnel records . . . are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code."

[5]Evidence Code section 1043 provides, in pertinent part: "(a) In any case in which discovery or disclosure is sought of peace officer personnel records, . . . the party seeking the discovery or disclosure shall file a written motion with the appropriate court . . . upon written notice to the governmental agency which has custody and control of the records. . . . Upon receipt of the notice the governmental agency served shall immediately notify the individual whose records are sought. [¶] (b) The motion shall include all of the following: [¶] (1) Identification of the proceeding in which discovery or disclosure is sought, the party seeking discovery or disclosure, the peace officer whose records are sought, the governmental agency which has custody and control of the records, and the time and place at which the motion for discovery or disclosure shall be heard. [¶] (2) A description of the type of records or information sought. [¶] (3) Affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records. [¶] (c) No hearing upon a motion for discovery or disclosure shall be held without full compliance with the notice provisions of this section

*Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]. In *that case, the court held that criminal defendants have the right to discover relevant information in a peace officer's personnel records relating to citizen complaints. (Hackett* v. *Superior Court* (1993) 13 Cal.App.4th 96, 100 [16 Cal.Rptr.2d 405]; *Bradshaw* v. *City of Los Angeles* (1990) 221 Cal.App.3d 908, 917-918 [270 Cal.Rptr. 711].) In adopting the statutory scheme, the Legislature not only reaffirmed but expanded the principles of criminal discovery articulated in *Pitchess.* (*City of Santa Cruz* v. *Municipal Court* (1989) 49 Cal.3d 74, 84 [260 Cal.Rptr. 520, 776 P.2d 222].) "It is evident . . . that the drafters were aware the bill would permit a peace officer to prevent discovery of a wide array of personal information that might be relevant in civil actions other than those alleging the officer had used excessive force. (Assem. Com. on Crim. J., Bill Analysis on [Sen. Bill No.] 1436 (As Amended August 7, 1978).) ▌ The purpose of the bill was 'to give the peace officer and his or her employing agency the right to refuse to disclose any information concerning the officer or complaints or investigations of the officer in both criminal and civil proceedings. . . .' [Citation.]" (*County of Los Angeles* v. *Superior Court* (1990) 219 Cal.App.3d 1605, 1609 [269 Cal.Rptr. 187].)

Our Supreme Court described the statutory scheme and its origins in *City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d 74. "In 1978, the California Legislature codified the privileges and procedures surrounding what had come to be known as '*Pitchess* motions' . . . through the enactment of Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045. The Penal Code provisions define 'personnel records' (Pen. Code, § 832.8) and provide that such records are 'confidential' and subject to discovery only pursuant to the procedures set forth in the Evidence Code. (Pen. Code, § 832.7.) Evidence Code sections 1043 and 1045 set out the procedures for discovery in detail. As here pertinent, [Evidence Code] section 1043, subdivision (a) requires a written motion and notice to the governmental agency which has custody of the records sought, and subdivision (b) provides that such motion shall include, . . . Affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation . . . . [¶] A finding of 'good cause' under [Evidence Code] section 1043, subdivision (b) is only the first hurdle in the discovery process. Once good cause for discovery has been established, [Evidence Code] section 1045 provides that the court shall then examine the information 'in chambers' in conformity with [Evidence Code] section 915 (i.e., out of the presence of all persons except the person authorized to claim the privilege and such other persons as

except upon a showing by the moving party of good cause for noncompliance, or upon a waiver of the hearing by the governmental agency identified as having the records."

he or she is willing to have present), and shall exclude from disclosure several enumerated categories of information . . . . ([Evid. Code,] § 1045, subd. (b).) [¶] In addition to the exclusion of specific categories of information from disclosure, [Evidence Code] section 1045 establishes general criteria to guide the court's determination and insure that the privacy interests of the officers subject to the motion are protected. . . . [¶] The statutory scheme thus carefully balances two directly conflicting interests: the peace officer's just claim to confidentiality, and the criminal defendant's equally compelling interest in all information pertinent to his defense." (*Id.* at pp. 81-84, italics and fns. deleted.)

■ Appellant argues that under Evidence Code section 1043, subdivision (a), the City Attorney was prohibited from reviewing appellant's files without making a noticed motion and, presumably, without obtaining a court order after the in camera hearing prescribed in Evidence Code section 1045. He also argues that the City Attorney's review of his files violated his constitutional right to privacy. Although he does not argue that the police department itself was prohibited from reviewing the files, appellant argues that the police department violated Evidence Code section 1043 and his constitutional right to privacy by allowing the City Attorney access to the files without court order, and by failing to give him notice pursuant to Evidence Code section 1043, subdivision (a), of the proposed release of his records.

Respondent advances a number of grounds in support of the trial court ruling. We need not, however, reach the great majority of those arguments. With the exception of his claim of violation of his right to privacy under the California Constitution, discussed later in this opinion, appellant's claims depend on the allegation that there was a "discovery or disclosure" of his records *within the meaning of the statutes.* We agree with the trial court that there was no such discovery or disclosure, and that the claims therefore must fail. Our conclusion is derived both from the legislative intent behind the statutes, as explicated in *City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d 74, and from the language of the statutes themselves.

Penal Code section 832.7, subdivision (a) provides that peace officer personnel records "shall not be disclosed in any civil or criminal proceeding," except by discovery pursuant to Evidence Code section 1043. Evidence Code section 1043 applies to "any case in which discovery or disclosure" of peace officer personnel records is sought. The statutes thus protect appellant's privacy rights by requiring a noticed motion, in camera hearing, and court order before appellant's records could be introduced or otherwise used in any litigation. In this case, where there was no noticed motion, the trial court did not allow appellant's records to be used at trial. The statute thus

functioned as the Legislature intended, to balance a litigant's need to present a case and a peace officer's right to privacy. (*City of Santa Cruz* v. *Municipal Court, supra*, 49 Cal.3d at p. 84.)

That legislative intent would not be advanced by extending the procedural requirements to a preliminary review of peace officer records, where there is no disclosure in litigation, and no "discovery." █ In ordinary legal usage, "discovery" refers to the inspection of documents and other materials in the possession or control of an adverse party in litigation, a process which has as its principle purpose the elimination of the "game" element of litigation. (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 376 [15 Cal.Rptr. 90, 364 P.2d 266].) █ There is no suggestion that the Legislature intended any other meaning here. An agency which reviews its own records with its attorney has not engaged in discovery.

Further, on its face Evidence Code section 1043 does not apply to the facts at hand. An examination of the statutory scheme reveals that rather than forbidding a governmental agency which has custody and control of peace officer personnel records from reviewing those records with its attorney, the scheme contemplates, even demands, that a governmental agency and its lawyer *will* review those records, without noticed motion or court order.

█ Under the statutes, a governmental agency which receives notice of a motion seeking police officer personnel records must formulate a response to that motion. The governmental agency must decide whether it will assert its privilege under the statute, and if so, how best to do so. It must decide whether it will oppose the discovery motion. It must decide whether it will waive the hearing provided for in Evidence Code section 1043 or insist on such a hearing. Notably, while the privilege against disclosure is held by both the individual officer and the police department (*Davis* v. *City of Sacramento* (1994) 24 Cal.App.4th 393, 401 [29 Cal.Rptr.2d 232]), the statute gives the authority to waive a hearing only to the agency, and not to the individual officer. (Evid. Code, § 1043, subd. (c).) The agency may have to prepare for an Evidence Code section 1045 hearing, and may potentially have to make a host of other decisions relating to the motion. It is patent that the agency cannot make these decisions without reviewing the records, that meaningful decisions require the assistance of counsel, and that, since the decisionmaking process does not involve the discovery of records or their disclosure in litigation, the agency and its attorney are not required to go through the statutory steps of notification, motion, and court order.

In the ordinary situation, where a motion is made under Evidence Code section 1043 to obtain evidence in support of the defense in a criminal

action, appellant's position would require both the prosecuting attorney and the police agency's attorney to make a motion and obtain court permission prior to reviewing the records sought. To read such a requirement into the statute would be to construct an absurd result. We construe statutes to avoid, not create, such results. (*Shields* v. *Singleton* (1993) 15 Cal.App.4th 1611 [19 Cal.Rptr.2d 459].)[6]

■ Thus, we hold that where, as here, a governmental agency and its attorney conduct a contained and limited review of peace officer personnel files within the custody and control of the agency, for some relevant purpose, there is no disclosure under the statutes. The statutory scheme is designed to protect peace officers' "just claim to confidentiality" and to regulate the use of peace officer personnel records in civil and criminal proceedings. (*City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at pp. 82-83.) It was not intended to, and does not, create substantive or procedural obstacles to a police agency's review of its own files.

■ Similarly, we see no violation of appellant's constitutional right to privacy. An essential element of a cause of action for violation of that right is the plaintiff's reasonable expectation of privacy. (*Hill* v. *National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 36 [26 Cal.Rptr.2d 834, 865 P.2d 633].) The privilege created by Evidence Code section 1043 is a conditional privilege (*Hackett* v. *Superior Court, supra,* 13 Cal.App.4th at p. 100), and the statutory scheme makes it clear that the right to privacy in the records is limited. Penal Code section 832.7 allows disclosure of the records in a variety of investigations (Pen. Code, § 832.7, subd. (a)), and Evidence Code section 1043 establishes procedures by which peace officer personnel records may be obtained for purposes of litigation. Appellant could have had no reasonable expectation of privacy.

Moreover, "[a]ctionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." (*Hill* v. *National Collegiate Athletic Assn., supra,* 7 Cal.4th at p. 37.) Appellant has

---

[6]See also 66 Ops.Cal.Atty.Gen. 128, 130 (1983), holding that Penal Code section 832.7 does not prohibit a district attorney from obtaining records in connection with an investigation of an officer or agency. The opinion relies on the statutory provision that "This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office," (Pen. Code, § 832.7 subd. (a)), and observes that ". . . the information at issue is already in the hands of public officials, is the property of a government agency, and release of the material to another public official, the district attorney, does not mean the loss of 'confidentiality,'" under Government Code sections exempting personnel and other records from disclosure laws. (Gov. Code, §§ 6254, 6262-6265.)

made no showing that the minimal and circumscribed review of his records by the police department and its lawyer during the course of litigation is such an invasion of privacy.

*Disposition*

The judgment is affirmed.

Turner, P. J., and Godoy Perez, J., concurred.