[No. H016592. Sixth Dist. Oct. 10, 1997.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
ROBERT GREMMINGER, Real Party in Interest.

398

COUNSEL

George W. Kennedy, District Attorney, and Joyce Allegro, Deputy District Attorney for Petitioner.

No appearance for Respondent.

Kenneth W. Robinson, Grossman & Gibbs and Lawrence A. Gibbs for Real Party in Interest.

OPINION

COTTLE, P. J.—The People of the State of California (hereafter, petitioner or People), seek a writ of mandate to compel respondent superior court to vacate its order denying petitioner's motion for discovery of real party in interest Robert Gremminger's peace officer personnel records, and to make a new and different order. Petitioner contends the trial court erred in denying discovery based on petitioner's failure to comply with the procedural requirements of Evidence Code section 1043[1] for discovery of peace officer

---

[1]Evidence Code section 1043 provides in pertinent part: "(a) In any case in which discovery or disclosure is sought of peace officer personnel records . . . the party seeking the discovery or disclosure shall file a written motion . . . . [¶] (b) The motion shall include . . . . [¶] (1) Identification of the proceeding . . . the party seeking discovery . . . the peace officer whose records are sought, the governmental agency which has custody and control of the records, . . . [¶] (2) A description of the type of records or information sought. [¶] (3) Affidavits showing good cause for the discovery . . . ."

personnel records. Although Penal Code section 832.7[2] exempts the district attorney from compliance with Evidence Code section 1043 in certain situations, we agree with the trial court that the exemption does not apply here as the district attorney was not investigating conduct of a police officer or police agency. Therefore, we deny the petition for writ of mandate.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Real party in interest Robert Gremminger was arraigned on a felony complaint charging him with one count of murder with personal use of a firearm, following a fatal shooting at the Great Mall of America in Milpitas, California on October 24, 1996.

From 1964 to 1968 Gremminger had been employed as a police officer for the City of Mountain View and for an unknown period of time between 1968 and 1996 he was employed as an arson investigator for the San Jose Fire Department. In these former positions as a police officer and an arson investigator, Gremminger was a peace officer within the meaning of Penal Code section 830 et seq.

However, at the time of the fatal shooting on October 24, 1996, Gremminger was employed in a non-peace-officer capacity as a fire captain for the San Jose Fire Department. Just before the shooting occurred, Gremminger apparently was walking to his automobile in the parking lot of the Great Mall of America after returning a gift to a mall store. He came upon a confrontation in the parking lot between mall security guards and two men suspected of shoplifting. The mall security guards were attempting to detain the shoplifting suspects, who had entered their vehicle and were moving it backwards and forwards in an apparent effort to escape. Gremminger allegedly fired a shot into the vehicle, killing the driver, victim Anthony Gilbert. After his arraignment, Gremminger retired from his employment with the San Jose Fire Department.

On January 13, 1997, petitioner caused subpoenas duces tecum to issue to the City of Mountain View and the City of San Jose. Both subpoenas sought production of Gremminger's personnel records, including records pertaining to training, assignments, citizen complaints, performance evaluations, disciplinary records involving use of excessive force, incidents of violence,

---

[2]Penal Code section 832.7 provides in pertinent part: "(a) Peace officer personnel records . . . or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office."

incidents of discharging his gun, commendations, workers' compensation claims, and disability claims for job-related injuries including stress. The City of San Jose filed an objection to the subpoena duces tecum to the extent it sought peace officer personnel records, on the grounds that the People had failed to comply with Evidence Code section 1043 requirements for obtaining peace officer personnel records. The City of Mountain View responded by letter to Gremminger's counsel, indicating that it would comply with the subpoena duces tecum by delivering copies of the records to the trial court in a sealed envelope.

In addition to obtaining the subpoenas duces tecum, petitioner filed a motion for discovery. In its motion, petitioner sought the same records that it had subpoenaed from the City of Mountain View and the City of San Jose. The deputy district attorney's declaration in support of discovery stated that personnel records pertaining to firearms training and training in the use of deadly force, which Gremminger received in the course of his employment as a police officer and an arson investigator, were relevant both to Gremminger's anticipated defense of self-defense/defense of others, and to determining whether Gremminger had acted as a reasonable person at the time of the shooting.

The first hearing on petitioner's motion for discovery was held on January 30, 1997. The trial court allowed further briefing by the parties, and a second hearing was held on February 13, 1997. On that date, the trial court filed its discovery order, granting in part and denying in part petitioner's motion for discovery. The trial court granted discovery of Gremminger's non-peace-officer employment records from the City of San Jose and the City of Mountain View, but denied discovery of Gremminger's peace officer personnel records due to petitioner's failure to comply with the requirements of Evidence Code section 1043 et seq.

The trial court's order was accompanied by a written decision, in which the trial court explained that, under the circumstances of this case, the People were obliged to comply with the procedural requirements for discovery of peace officer personnel records set forth in Evidence Code section 1043. The trial court further noted that the provisions of Penal Code section 832.7, which exempt the district attorney from compliance with Evidence Code section 1043, do not apply when the district attorney is investigating the conduct of a defendant who was not a police officer when he allegedly committed the charged crime. The trial court additionally concluded that the People are not required to comply with Code of Civil Procedure section 1985.6, subdivision (a) requirements for subpoena of employment records, since that section does not apply in criminal prosecutions.

The People then sought review of the trial court's order, by way of a petition for writ of mandate. We issued an alternative writ of mandate and order to show cause to real party in interest.

## II. DISCUSSION

■ The People may petition for writ of mandate when it is contended that the trial court acted in excess of its jurisdiction in denying discovery in a criminal proceeding, and the need for review outweighs the risk of harassment to the accused. (*People* v. *Superior Court* (*Broderick*) (1991) 231 Cal.App.3d 584, 589 [282 Cal.Rptr. 418].) A court acts in excess of jurisdiction when it abuses its discretion. (*People* v. *Superior Court* (*Martin*) (1979) 98 Cal.App.3d 515, 520 [159 Cal.Rptr. 625].) Writ review of pretrial discovery orders allows both parties to fully prepare for trial, while the risk of harassment appears minimal and review cannot result in retrial or double jeopardy. (*People* v. *Superior Court* (*Broderick*), *supra*, 231 Cal.App.3d at p. 589.)

■ In the present case, the People contend that the trial court acted in excess of its jurisdiction when it erroneously denied discovery of Gremminger's peace officer personnel records, since it is petitioner's position that Penal Code section 832.7 expressly exempts the district attorney from compliance with the Evidence Code section 1043 requirements for discovery of peace officer personnel records. We hold that the exemption provided in Penal Code section 832.7 applies only to investigations or proceedings concerning the conduct of a police officer. Since Gremminger was not a police officer at the time of this incident, the exemption does not apply. Consequently the district attorney must comply with the provisions of section 1043 et seq. of the Evidence Code.

### A. *Discovery of peace officer personnel records.*

The statutory scheme which governs discovery of peace officer personnel records was enacted following the California Supreme Court's decision in *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]. The facts in *Pitchess* involved a defendant charged with battery upon four deputy sheriffs. (*Ibid.*) The court held that a criminal defendant's fundamental right to a fair trial entitles a defendant who is asserting self-defense to a charge of battery on a police officer to discovery of peace officer personnel records. (*Id.* at p. 537; see also *City of San Jose* v. *Superior Court* (1993) 5 Cal.4th 47, 52 [19 Cal.Rptr.2d 73, 850 P.2d 621].)

In 1978, the California Legislature codified the privileges and procedures relating to motions for discovery of peace officer personnel records by a

criminal defendant charged with battery on a police officer, which had become known as *Pitchess* motions. (*City of San Jose* v. *Superior Court*, *supra*, 5 Cal.4th at p. 50.) The Legislature enacted a statutory scheme mandating certain procedures for discovery of peace officer personnel records, as set forth in Penal Code sections 832.7 and 832.8, and Evidence Code sections 1043 and 1045. (5 Cal.4th at p. 51.) "In enacting sections 1043 and 1045 the Legislature clearly intended to place specific limitations and procedural safeguards on the disclosure of peace officer personnel files which had not previously been found in judicial decisions." (*City of Santa Cruz* v. *Municipal Court* (1989) 49 Cal.3d 74, 93-94 [260 Cal.Rptr. 520, 776 P.2d 222].)

The Penal Code provisions define peace officer personnel records (Pen. Code, § 832.8) and provide that such records are confidential and subject to discovery only pursuant to the procedures set forth in Evidence Code sections 1043 and 1046 (Pen. Code, § 832.7). (49 Cal.3d at p. 82.) "Personnel records" include records relating to personal data, medical history, employee benefits, employment advancement, appraisal, or discipline, complaints or investigations regarding an officer's performance of duties, and any other information the disclosure of which would constitute an unwarranted invasion of personal privacy. (Pen. Code, § 832.8.)

■ It is well established that civil discovery procedures have no relevance to criminal prosecutions. (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 536.) Thus, the provisions of the statutory scheme set forth in the Penal Code and the Evidence Code for discovery of peace officer personnel records take precedence over the discovery procedures found in the Code of Civil Procedure. (*Davis* v. *City of Sacramento* (1994) 24 Cal.App.4th 393, 400 [29 Cal.Rptr.2d 232].)

■ Evidence Code sections 1043 and 1045 together provide the procedures for discovery of peace officer personnel records. "A party seeking disclosure must file a written motion, with notice to the governmental agency having custody of the records sought. The motion must describe the type of records or information sought and provide affidavits showing good cause for the disclosure, setting forth its materiality to the pending litigation and stating on reasonable belief that the identified agency possesses the records or information. (Evid. Code, § 1043.) The trial court must then make an in camera examination of the information produced by the agency and exclude from disclosure certain categories of information, including complaints more than five years old, the conclusions of any officer investigating a complaint, and facts that are so remote as to make disclosure of little or no practical benefit. (Evid. Code, § 1045, subd. (b).)" (*City of San Jose* v. *Superior Court, supra,* 5 Cal.4th at p. 52.) The statutory scheme thereby

balances two directly competing interests, the peace officer's claim to confidentiality and the criminal defendant's "equally compelling interest" in all information pertinent to his defense. (*City of Santa Cruz* v. *Municipal Court, supra*, 49 Cal.3d at p. 84.)

The broad statutory protection of the confidentiality of peace officer personnel records has one limited exception pertaining to police officer records. Section 832.7 of the Penal Code provides that "[t]his section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office."

**B.** *The People must comply with the procedural requirements of Evidence Code section 1043 in order to obtain Gremminger's peace officer personnel records.*

The issue of the district attorney's right to obtain discovery of the personnel records of a former peace officer who is now a criminal defendant, is one of first impression. The People argue vigorously that the district attorney is absolutely exempt from compliance with the statutory scheme for discovery of peace officer personnel records, under the language of Penal Code section 832.7, subdivision (a), which exempts the district attorney from compliance when conducting an investigation of police officer or police agency conduct. The People also argue that the district attorney's review of Gremminger's peace officer personnel records constitutes an exempt investigation of Gremminger's conduct as a peace officer.

We disagree with the People's interpretation of Penal Code section 832.7, subdivision (a). The plain language of Penal Code section 832.7, subdivision (a) makes a crucial distinction between *"peace* officers" and *"police* officers." The broad category of peace officers is defined in Penal Code section 830 et seq. Among the many persons accorded peace officer status are police officers and sheriffs (Pen. Code, § 830.1, subd. (a)), members of the California Highway Patrol (Pen. Code, § 830.2, subd. (a)), and fire department arson investigators (Pen. Code, § 830.37, subd. (a)). These Penal Code provisions make clear that while a police officer has peace officer status, not all peace officers are also police officers. The terms "police officer" and "peace officer" are therefore not interchangeable in statutory interpretation.

The scope of the district attorney's exemption from Penal Code section 832.7, subdivision (a)'s confidentiality provisions is limited to the district attorney's investigations of *police* officer or *police agency* conduct. Nonpolice peace officers' personnel records are protected from the district attorney's investigation, and cannot be disclosed in a criminal or civil proceeding

unless the district attorney obtains a discovery order in compliance with Evidence Code sections 1043 and 1046. We emphasize also that the scope of the district attorney's exemption is expressly limited to investigations of the *conduct* of police officers or police agencies.

The People's position that it is absolutely exempt relies upon our decision in *People* v. *Gwillim* (1990) 223 Cal.App.3d 1254 [274 Cal.Rptr. 415] and the decision of the Second District in *Michael* v. *Gates* (1995) 38 Cal.App.4th 737 [45 Cal.Rptr.2d 163]. We find such reliance to be misplaced, since neither decision held that the district attorney is absolutely exempt from compliance with the Evidence Code requirements for discovery of peace officer personnel records.

In *Gwillim*, we held that the confidentiality provisions of Penal Code section 832.7 did not bar the district attorney from reviewing the immunized statement of a police officer charged with committing sexual battery upon a fellow police officer while both officers were on duty. (223 Cal.App.3d at pp. 1269-1270.) The immunized statement of defendant police officer clearly concerned that officer's *conduct in his capacity as a police officer*, and therefore Penal Code section 832.7 required that the statement be made available to the district attorney's office in the course of its investigation of the officer's conduct. (223 Cal.App.3d at p. 1270.)

*Michael* v. *Gates, supra*, 38 Cal.App.4th 737, held that a government agency that reviews its own records with its attorney has not engaged in discovery under Evidence Code section 1043. Michael was a retired Los Angeles police captain who had testified as an expert witness for the plaintiff in a previous trial against his former employer, the Los Angeles Police Department. During that trial, the department disclosed Michael's personnel records to the deputy city attorney for possible use as impeachment. Michael then brought suit against the department, alleging that in turning over his personnel records during the previous litigation, the department had invaded his privacy and violated Penal Code section 832.7 and Evidence Code section 1043. The Court of Appeal disagreed, holding that where a government agency and its attorney conduct a limited review of peace officer personnel files within the custody and control of that agency, there is no disclosure under Evidence Code section 1043. (38 Cal.App.4th at pp. 743-745.) It would create an "absurd result," the court observed, if the statutory scheme were read to "create substantive or procedural obstacles to a police agency's review of its own files." (*Id.* at p. 745.)

Neither *People* v. *Gwillim* nor *Michael* v. *Gates* supports the People's contention that Penal Code section 832.7 exempts the district attorney from

compliance with the procedural requirements of Evidence Code section 1043 in this case. *Michael* v. *Gates* is not on point at all, as the case before us does not involve the police department's attorneys reviewing its own files. And *People* v. *Gwillim* shows that the district attorney may avoid the procedural requirements of Evidence Code section 1043 and obtain peace officer personnel records without a court order *only* when the district attorney is investigating police officer or police agency conduct.

The records sought by petitioner are outside the scope of the district attorney's exemption to Penal Code section 832.7, subdivision (a). The People are not investigating Gremminger's conduct as a police officer, but as a private citizen charged with committing homicide. As the trial court wrote, "[T]he Office of the District Attorney represents the People of the State of California. It stands in an adversarial position to defendant Gremminger. It is seeking to discover the privileged information in his personnel records in order to use this information against him in a criminal trial."

For several reasons, we do not find persuasive the People's argument that review of Gremminger's personnel records pertaining to his former employment as a police officer for the City of Mountain View and as an arson investigator for the San Jose Fire Department constitute an exempt investigation of police officer conduct. First, Gremminger's arson investigator personnel records are peace officer records, not police officer records, and therefore do not fall within the exemption for investigation of police officer conduct. Second, the People cannot reasonably contend that the district attorney seeks to review Gremminger's City of Mountain View police officer personnel records in order to investigate his conduct as a police officer. Instead, the district attorney seeks disclosure of Gremminger's records in order to prepare the prosecution's case against defendant Gremminger, a private citizen.

■ The People contend that the interpretation of Penal Code section 832.7 which we adopt today is unduly restrictive in that the district attorney will be limited to discovering records only of currently employed police officers. This misstates our holding. The exemption provided in section 832.7 applies to investigations of police officer conduct. The key is whether the police officer was employed as a police officer at the time of the conduct which is being investigated. If so, then the exemption applies, whether or not the police officer is currently employed as a police officer at the time of the investigation or prosecution.

■ The People argue further that they are prejudiced by having to comply with the Evidence Code requirements because under section 1045,

subdivision (a), they will be unable to discover Gremminger's peace officer records which are over five years old. The five-year restriction in section 1045, however, applies only to records of "complaints, or investigations of complaints, or discipline imposed as a result of such investigations." Other personnel records, such as the training records sought by the People, are not so restricted and may be obtained upon proper compliance with Evidence Code section 1043, subject to a relevance determination by the court whether they are "so remote as to make disclosure of little or no practical benefit." (Evid. Code, § 1045, subd. (b)(3).)

We conclude in this case that where the People seek discovery of the peace officer personnel records of a criminal defendant who was not employed as a police officer at the time the crime was allegedly committed, the district attorney is not exempted under the provisions of Penal Code 832.7, subdivision (a), and must comply with the requirements of Evidence Code sections 1043 et seq.

### DISPOSITION

The alternative writ of mandate is discharged and the petition for writ of mandate is denied. Costs are awarded to real party in interest.

Premo, J., and Bamattre-Manoukian, J., concurred.