[No. B134358. Second Dist., Div. Five. July 19, 2000.]

JOHN ROSALES, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

## COUNSEL

Seeman and Freeman, Joseph H. Freeman and Larry J. Roberts for Plaintiff and Appellant.

James K. Hahn, City Attorney, Cecil Marr, Assistant City Attorney, Jess Gonzalez and Blithe Ann Smith, Deputy City Attorneys, for Defendants and Respondents.

## OPINION

**WEISMAN, J.***—We are called upon in this case to decide whether a violation of the statutory procedures governing disclosure of police personnel records gives rise to a private cause of action by the police officer whose records were improperly disclosed. We hold that violation of such procedures does not give rise to a private cause of action and therefore affirm the trial court's judgment of dismissal of the officer's action.

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## PROCEDURAL BACKGROUND

On May 3, 1999, plaintiff and appellant John Rosales (Rosales), a former Los Angeles Police Department (LAPD) officer, filed this action against the City of Los Angeles (City) and Los Angeles Deputy City Attorney Amy Sopuch (Sopuch), seeking damages for the City's improper disclosure of his police personnel files. The personnel files were disclosed as part of discovery compliance in a civil suit previously filed on behalf of an underage female police Explorer Scout who alleged that Rosales engaged in inappropriate sexual conduct with her in his capacity as a police officer. The City was a defendant in the lawsuit filed by the Explorer Scout. Sopuch represented the City in the action filed by the Explorer Scout. Pursuant to a discovery request filed on behalf of the Explorer Scout, Sopuch disclosed the personnel records of Rosales without complying with the statutory procedures established for the disclosure of such records that are set forth in Penal Code section 832.7 and Evidence Code sections 1043 through 1045.[1] Following the disclosure of the records, Rosales filed the instant action, in which he alleged that he is entitled to confidentiality and privacy in his police personnel records and that the records were released without his consent or court order in violation of Evidence Code sections 1043 through 1045 and Penal Code sections 832.5 and 832.7. His complaint contained a number of causes of action. Specifically, he alleged causes of action for (1) invasion of privacy, (2) negligence per se, (3) negligent infliction of emotional distress, (4) intentional infliction of emotional distress, (5) abuse of process, (6) negligence, and (7) violation of federal civil rights.

Both the City and Sopuch demurred to Rosales's complaint, contending that it failed to state any cause of action. Specifically, defendants argued that a violation of the statutory disclosure procedures relating to police personnel files does not give rise to a private cause of action on the part of the police officer whose files were disclosed. The trial court agreed with defendants that Rosales could not assert a private cause of action relating to the disclosure on any theory, and therefore sustained the demurrer without leave to amend. The trial court then entered a judgment of dismissal with prejudice, and Rosales has timely appealed from the judgment of dismissal.

## STANDARD OF REVIEW

"In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we must assume the truth of all facts properly pleaded by the plaintiff-appellant. [Citation.] Regardless of the label attached to the cause of action, we must examine the complaint's factual

---

[1]Defendants concede that the personnel files were improperly disclosed, without compliance with the applicable statutory procedures.

allegations to determine whether they state a cause of action on any available legal theory. [Citation.] Reversible error is committed if the facts alleged show entitlement to relief under any possible legal theory. [Citation.] [¶] We will not, however, assume the truth of contentions, deductions or conclusions of fact or law [citation], and may disregard allegations that are contrary to the law or to a fact of which judicial notice may be taken. [Citation.]" (*Wolfe v. State Farm Fire & Casualty Ins. Co.* (1996) 46 Cal.App.4th 554, 559-560 [53 Cal.Rptr.2d 878].)[2]

## DISCUSSION

■ Rosales contends that because "[a]s a peace officer he was and is entitled to rights of confidentiality and privacy of his peace officer personnel records," the City's violation of his privilege of confidentiality demands redress by a private right of action for damages. The basis for each and every cause of action set forth in Rosales's complaint is his contention that the City's production of his police personnel file in the civil case involving the explorer scout was done without following the mandatory disclosure procedures of Penal Code section 832.7 and Evidence Code section 1043. We will therefore review the extent of confidentiality conferred by the statutory disclosure provisions, determine if a private right of action exists, and determine if Rosales has otherwise stated a cause of action.

### Police Officers Have a Conditional Privilege in Personnel Records

Penal Code section 832.7, subdivision (a), states that "[p]eace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. . . ." "Personnel records" is broadly defined and includes an officer's personal data and employment history, as well as the officer's record of discipline and investigations of complaints. (Pen. Code, § 832.8.) Evidence Code section 1043, subdivision (a) provides that "[i]n any case in which discovery or disclosure is sought of peace officer personnel records . . . or information from those records, the party seeking the discovery or disclosure

---

[2]In conjunction with their demurrer, defendants requested that the trial court take judicial notice of a number of court records filed in three lawsuits where Rosales was a party. The trial court partially granted the request and took judicial notice of the files in two of the cases. On appeal, defendants ask that we take additional judicial notice of legislative history relating to the disclosure of police personnel records, and certain records relating to other lawsuits involving Rosales. We find that the additional items submitted for judicial notice are not necessary to our determination that the judgment should be affirmed, and we deny the request to take judicial notice of these items.

shall file a written motion with the appropriate court or administrative body upon written notice to the governmental agency which has custody and control of the records. . . ."

Numerous cases have noted that Penal Code section 832.7, along with Evidence Code sections 1043 and 1046, were enacted by the Legislature in response to the Supreme Court's ruling in *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]. (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 81 [260 Cal.Rptr. 520, 776 P.2d 222]; *Hackett v. Superior Court* (1993) 13 Cal.App.4th 96, 100 [16 Cal.Rptr.2d 405]; *Michael v. Gates* (1995) 38 Cal.App.4th 737, 740 [45 Cal.Rptr.2d 163]; *City of Hemet v. Superior Court* (1995) 37 Cal.App.4th 1411, 1423 [44 Cal.Rptr.2d 532].) As we explained in *Michael v. Gates*, "[In *Pitchess*], the court held that criminal defendants have the right to discover relevant information in a peace officer's personnel records relating to citizen complaints. [Citations.] In adopting the statutory scheme, the Legislature not only reaffirmed but expanded upon the principles of criminal discovery articulated in *Pitchess*. [Citation.]" (*Michael v. Gates, supra*, 38 Cal.App.4th at p. 742, italics omitted.) We further explained: "Our Supreme Court described the statutory scheme and its origins in *City of Santa Cruz v. Municipal Court, supra*, 49 Cal.3d 74. 'In 1978, the California Legislature codified the privileges and procedures surrounding what had come to be known as "*Pitchess* motions" . . . through the enactment of Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045. The Penal Code provisions define "personnel records" (Pen. Code, § 832.8) and provide that such records are "confidential" and subject to discovery only pursuant to the procedures set forth in the Evidence Code. (Pen. Code, § 832.7.) Evidence Code sections 1043 and 1045 set out the procedures for discovery in detail. As here pertinent, [Evidence Code] section 1043, subdivision (a) requires a written motion and notice to the governmental agency which has custody of the records sought, and subdivision (b) provides that such motion shall include, . . . Affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation . . . . [¶] A finding of "good cause" under [Evidence Code] section 1043, subdivision (b) is only the first hurdle in the discovery process. Once good cause for discovery has been established, [Evidence Code] section 1045 provides that the court shall then examine the information "in chambers" in conformity with [Evidence Code] section 915 (i.e., out of the presence of all persons except the person authorized to claim the privilege and such other persons as he or she is willing to have present), and shall exclude from disclosure several enumerated categories of information . . . . ([Evid. Code,] § 1045, subd. (b).) [¶] In addition to the exclusion of specific categories of information from disclosure, [Evidence Code] section 1045 establishes general criteria to guide the

court's determination and insure that the privacy interests of the officers subject to the motion are protected. . . . [¶] The statutory scheme thus carefully balances two directly conflicting interests: the peace officer's just claim to confidentiality, and the criminal defendant's equally compelling interest in all information pertinent to his defense.' [Citation.]" (*Id.* at pp. 742-743.)

The term "confidential" in Penal Code section 832.7 has independent significance and "imposes confidentiality upon peace officer personnel records and records of investigations of citizens' complaints, with strict procedures for appropriate disclosure in civil and criminal cases . . . ." (*City of Richmond v. Superior Court* (1995) 32 Cal.App.4th 1430, 1440 [38 Cal.Rptr.2d 632].)

Because police personnel records are confidential, their disclosure requires adherence to the motion and hearing requirements of Evidence Code sections 1043 and 1045, despite the context in which such records are requested. (See *City of Hemet v. Superior Court, supra,* 37 Cal.App.4th at pp. 1425-1426 [the specific procedures under Evid. Code, §§ 1043-1045 take precedence over the general provisions of the California Public Records Act]; *Davis v. City of Sacramento* (1994) 24 Cal.App.4th 393, 400 [29 Cal.Rptr.2d 232] [police personnel records remain confidential after officer retires and may only be disclosed after following the specific procedures under the Penal and Evidence Codes]; *Hackett v. Superior Court, supra,* 13 Cal.App.4th at pp. 100-101 [information contained in police personnel files can only be disclosed upon compliance with Evid. Code, § 1043 and is not discoverable under the discovery rules in the Code of Civil Procedure merely because the information is obtainable from other sources]; *County of Los Angeles v. Superior Court* (1990) 219 Cal.App.3d 1605, 1608 [269 Cal.Rptr. 187] [Evidence Code, and not the Code of Civil Procedure, provides the exclusive means for obtaining discovery of peace officer personnel records].)

Given the status of confidentiality conferred by the Legislature on police personnel records, the officer's right to be notified that his or her records are sought (Evid. Code, § 1043, subd. (a)), and his or her right to seek a protective order from "unnecessary annoyance, embarrassment or oppression" (Evid. Code, § 1045, subd. (d)), courts have concluded that an officer has a *limited* or *conditional* "privilege" in such records. (See *Hackett v. Superior Court, supra,* 13 Cal.App.4th at pp. 100-101; *City of Hemet v. Superior Court, supra,* 37 Cal.App.4th at pp. 1430-1431; *Michael v. Gates, supra,* 38 Cal.App.4th at p. 744.) The privilege is conditional or limited because an officer cannot prevent disclosure of his or her personnel records

or information contained in those records simply because he or she does not desire disclosure. After all, the whole purpose behind the Penal and Evidence Code provisions is to provide disclosure in civil or criminal proceedings where the moving party shows the information sought is material to the subject matter involved in the pending litigation. (*City of Santa Cruz v. Municipal Court*, supra, 49 Cal.3d at p. 83; *Michael v. Gates*, supra, 38 Cal.App.4th at p. 745.)

*An Officer Does Not Have a Private Right of Action for Violation of the Disclosure Procedures*

As numerous cases have recognized, the statutes concerning disclosure of police personnel records are clear, detailed, and carefully balance the competing interests in the disclosure of such records. (*City of Santa Cruz v. Municipal Court*, supra, 49 Cal.3d at p. 83 ["[a]s statutory schemes go the [statutes are] a veritable model of clarity and balance"]; *Hackett v. Superior Court*, supra, 13 Cal.App.4th at p. 98 ["[t]he statutory scheme does not leave room for doubt"]; *County of Los Angeles v. Superior Court* (1993) 18 Cal.App.4th 588, 600 [22 Cal.Rptr.2d 409] ["[t]hese statutes set forth detailed and careful procedures . . .".) Despite its comprehensiveness, the statutory scheme does not provide a remedy for violation of its disclosure procedures. Previous cases that have commented on this issue have concluded that this failure to provide a remedy or penalty indicates that violation of the statutory procedures does not give rise to a private right of action.

In *Bradshaw v. City of Los Angeles* (1990) 221 Cal.App.3d 908 [270 Cal.Rptr. 711], an LAPD officer sued the City after the police chief and the City furnished news media with a portion of the transcript of the officer's disciplinary hearing for improper conduct and information about the investigation. The officer alleged negligence per se and violation of his constitutional right to privacy as a result of the defendant's violating the privileges of confidentiality and privacy by releasing the results of the disciplinary hearing to the public. The trial court sustained the City's demurrer without leave to amend. In affirming the judgment of dismissal and concluding that the officer could not state a cause of action, the court stated: "[T]he Legislature did not by the use of the word 'confidential' in Penal Code section 832.7, subdivision (a) intend to impose upon an agency a standard of care, the violation of which could be the basis for a cause of action for negligence per se. Although it is not necessary that a statute prescribe a penalty for its violation to find a standard of care embodied in the statute (see Evid. Code, § 669), the Legislature could have prescribed a penalty for the violation of the purportedly independent requirement of confidentiality. It has prescribed penalties for violation of a standard of care in other

contexts. (See, e.g., Lab. Code, § 6322 (violation of trade secret confidentiality); Pen. Code, § 11105, subd. (b)(9) (public utility's disclosure of confidential information); Welf. & Inst. Code, § 5330 (release of confidential information in violation of the Lanterman-Petris-Short Act).) The failure to establish a penalty for violating the standard of care alleged as to confidentiality here further supports our conclusion that the Legislature did not intend to create a requirement of confidentiality, other than in civil or criminal judicial proceedings as described in Penal Code section 832.7, subdivision (a)." (*Id.* at pp. 918-919.)

*Bradshaw*'s conclusion that police personnel records are confidential only in the context of civil and criminal judicial proceedings has been criticized, but its holding that violation of the disclosure statutes does not give rise to a private cause of action has been supported and followed. (See *City of Hemet v. Superior Court, supra,* 37 Cal.App.4th at p. 1430; *City of Richmond v. Superior Court, supra,* 32 Cal.App.4th at p. 1439.) We will also follow *Bradshaw* and find that violation of the disclosure statutes does not give rise to a private right of action. Given the comprehensiveness of the statutory scheme, the Legislature could have easily provided a remedy if one was intended. The fact that a remedy or penalty for violation of its mandates was not included in the statute is a strong indication that such a right was not intended. (See *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 300 [250 Cal.Rptr. 116, 758 P.2d 58] [holding that a statute does not create a private right of action where the statutes do not indicate the intent to create such a right]; *Arriaga v. Loma Linda University* (1992) 10 Cal.App.4th 1556, 1563-1564 [13 Cal.Rptr.2d 619] [applying *Moradi-Shalal* and holding that provisions of Government Code do not create a private right of action where the statutes showed no such intent].) We therefore hold that violation of the statutory procedures for disclosure of police personnel records does not give rise to a private right of action for damages.

*Rosales Cannot State a Cause of Action for Invasion of Privacy*

■ Rosales claims he has stated an "independent" cause of action for invasion of privacy. Even if we could consider this an "independent" cause of action, and not an assertion of a private right of action for violation of the statutory procedures, Rosales's claim fails. In order to state a cause of action for invasion of privacy, a party must establish (1) a legally protected privacy interest, (2) a reasonable expectation of privacy in the records, (3) a serious invasion of the privacy interest, and (4) damages caused by the invasion of the privacy interest. (*Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 34-40 [26 Cal.Rptr.2d 834, 865 P.2d 633].) Rosales has failed to state a claim for invasion of privacy because he could not have a reasonable expectation that his personnel records would not be disclosed in

the litigation relating to the Explorer Scout. As we have already made clear, the privilege of confidentiality is conditional and must be balanced with the right of a litigant to obtain information or records that are material to the subject matter of the litigation. In an action alleging sexual misconduct during his employment as an officer, as well as allegations of negligent hiring and negligent entrustment on the part of the City, it would be completely unreasonable for Rosales to expect that his personnel file would not be disclosed to plaintiff's counsel or used by the City in its defense to that action. As we stated in *Michael v. Gates, supra,* 38 Cal.App.4th at page 745, "An essential element of a cause of action for violation of that right is the plaintiff's reasonable expectation of privacy. [Citation.] The privilege created by Evidence Code section 1043 is a conditional privilege [citation], and the statutory scheme makes it clear that the right to privacy in the records is limited. Penal Code section 832.7 allows disclosure of the records in a variety of investigations [citation], and Evidence Code section 1043 establishes procedures by which peace officer personnel records may be obtained for purposes of litigation. Appellant could have had no reasonable expectation of privacy." (See also *Heller v. Norcal Mutual Ins. Co.* (1994) 8 Cal.4th 30, 43-44 [32 Cal.Rptr.2d 200, 876 P.2d 999] [no reasonable expectation of privacy where disclosed medical records would inevitably have been discoverable during litigation].)

Furthermore, " '[a]ctionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right.' " (*Michael v. Gates, supra,* 38 Cal.App.4th at p. 745.) Here, Rosales merely alleges that the City disclosed his personnel records to the Explorer Scout's attorney during the course of litigation. Since Rosales could have no reasonable expectation that his personnel records would not be discoverable in the litigation, we likewise conclude that disclosure during the course of litigation is not the serious and egregious breach that would meet the standard for a privacy claim.

*Rosales Cannot State a Cause of Action for Negligence or Negligence Per Se*

Citing Evidence Code section 669, Rosales next argues as an "independent" cause of action that because the City and Sopuch "violated the command of [Penal Code] section 832.7[, subdivision] (a), they presumptively breached the standard of care" they owed him. Evidence Code section 669 does not help, however, as Rosales has failed to state a duty of care imposed upon the City or Sopuch by Penal Code section 832.7.

"Section 669 was enacted in 1967 to codify existing law regarding the presumption of negligence [citation] . . . . [¶] . . . [¶] . . . [A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed . . . 'it is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages. . . .' " (*California Service Station etc. Assn. v. American Home Assurance Co.* (1998) 62 Cal.App.4th 1166, 1177-1178 [73 Cal.Rptr.2d 182].) Thus, either the courts or the Legislature must have created a duty of care. The presumption of negligence created by Evidence Code section 669 concerns the *standard* of care, rather than the *duty* of care. (6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 819, pp. 171-172.)

The purpose of the statutory scheme governing police personnel records is to balance the conflicting interests of a peace officer's claim to confidentiality and a litigant's equally compelling interest to all information pertinent to pending litigation. While it confers the status of confidentiality to police personnel records, neither Penal Code section 832.7 nor the rest of the statutory scheme indicates an intent to create a duty of care on the part of the agency who has control of the records. Again, we agree with the court's conclusion in *Bradshaw* that "[t]he Legislature did not by the use of the word 'confidential' in Penal Code section 832.7, subdivision (a) intend to impose upon an agency a standard of care, the violation of which could be the basis for a cause of action for negligence per se." (*Bradshaw v. City of Los Angeles, supra,* 221 Cal.App.3d at p. 918.) We thus hold that Rosales has failed to state a cause of action for negligence or negligence per se.

*Rosales Cannot State a Cause of Action Under Federal Law*

■ Rosales also alleges as an "independent" cause of action that "under color of law" the City and Sopuch "violated [his] rights of privacy as guaranteed by the First Amendment" which constituted a "violation of [his] federal rights of privacy" and thus a violation of 42 United States Code section 1983. Rosales argues that he has a "federal right of informational privacy" that is protected from unwarranted interference.

In order to state a cause of action for violation of federal civil rights a plaintiff is required to make two allegations. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." (*Gomez v. Toledo* (1980) 446 U.S. 635, 640 [100 S.Ct. 1920, 1923, 64 L.Ed.2d 572].) If there is no violation of a federal right, there

is no basis for a civil rights action. (*Hodge v. Jones* (4th Cir. 1994) 31 F.3d 157, 167.)

The United States Supreme Court has held that the constitutional right to privacy protects individuals from government disclosure of personal information. (*Whalen v. Roe* (1977) 429 U.S. 589, 599-600 [97 S.Ct. 869, 876-877, 51 L.Ed.2d 64].) In determining whether information is of such a highly personal nature that it demands constitutional protection, the party asserting the right must have a legitimate and reasonable expectation of privacy. (*Nilson v. Layton City* (10th Cir. 1995) 45 F.3d 369, 371.) As we have already concluded in connection with the invasion of privacy claim under state law, Rosales could have no reasonable expectation of privacy that his personnel file would not be disclosed in the litigation relating to the Explorer Scout. This is especially so given the type of allegations made against the City and Rosales as its employee. Rosales has thus failed to state a cause of action for violation of his federal civil rights.

*Remaining Causes of Action*

With regard to Rosales's remaining "independent" causes of action for infliction of emotional distress and for abuse of process, they are all similarly based upon the underlying premise that defendants violated his privilege of confidentiality by disclosing his personnel files in the Explorer Scout litigation. Because we hold that neither Penal Code section 832.7 nor Evidence Code section 1043 creates a duty of care, and because Rosales could not have had a reasonable expectation of privacy in such records in relation to the Explorer Scout litigation, disclosure of his personnel records cannot provide a basis for these causes of action.

*Governmental Immunity*

The trial court also sustained the demurrer without leave to amend and entered judgment of dismissal with prejudice not only on the theory that Rosales had no private right of action under the statutory disclosure provisions, but also because his private claims were barred by governmental immunity. Because we have already found that the trial court acted properly in dismissing the case for failure to state a cause of action, we need not address the additional ruling of the trial court that both the employee (Sopuch) and the City are immune from suit because the disclosure took place in a judicial action (Gov. Code, §§ 815, subd. (a), 815.2, subd. (b), 815.6, 820.2, 821.6), and we need not consider the argument of the defendants that the litigation privilege codified in Civil Code section 47 precludes

the type of action filed by Rosales in the instant case. (See *Bradshaw v. City of Los Angeles*, *supra*, 221 Cal.App.3d at p. 922 [reviewing court declined to address governmental immunity claims after determining dismissal was proper because plaintiff had failed to state a cause of action].)

### DISPOSITION

The judgment is affirmed. Defendants are awarded costs on appeal.

Turner, P. J., and Grignon, J., concurred.