**Salwa Sanany ALAUBALI, an individual, and as Guardian ad Litem for B. Alaubali, a minor; B. Alaubali, a minor; A. Alaubali, a minor; and Bara-**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ka Sanany, an individual, and as Guardian ad Litem for B. Alaubali, a minor; B. Alaubali, a minor; A. Alaubali, a minor, Plaintiffs—Appellants,

v.

**RITE AID CORPORATION,**
a Delaware corporation,
Defendant—Appellee.

No. 07–16991.

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2008.[*]

Filed April 1, 2009.

David Neil Nissenberg, Esquire, Nissenberg and Associates, San Diego, CA, for Plaintiffs–Appellants.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Derek Henry Lim, Esquire, Burnham Brown, Oakland, CA, for Defendant–Appellee.

Before: McKEOWN and IKUTA, Circuit Judges, and BLOCK,** Senior District Judge.

## MEMORANDUM***

Salwa Sanany Alaubali and Baraka Sanany ("the Alaubalis") appeal from the district court's summary judgment in favor of Rite Aid Corporation. Reviewing de novo, *see Northrop Grumman Corp. v. Factory Mut. Ins. Co.*, 538 F.3d 1090, 1094 (9th Cir.2008), we affirm.

The Alaubalis seek to hold Rite Aid liable for negligently entrusting its trailers to a driver employed by Swift Transportation, Inc., a carrier hired by Rite Aid. They allege that the driver's lack of adequate training caused the death of their decedent, also an employee of Swift.

Under California law, which governs the Alaubalis' claim, "[l]iability for negligent entrustment is determined by applying general principles of negligence." *Truong v. Nguyen*, 156 Cal.App.4th 865, 875, 67 Cal.Rptr.3d 675 (Cal.Ct.App.2007) (quoting *Allen v. Toledo*, 109 Cal.App.3d 415, 421, 167 Cal.Rptr. 270 (Cal.Ct.App.1980)). The elements of a cause of action for negligence are "(a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." *Id.* (citation, internal quotation marks and alterations omitted). In support of their contention that Rite Aid owed a duty of care to their decedent, the Alaubalis suggest three legal sources for such a duty: (1) that Rite Aid and Swift were engaged in a partnership, imposing a duty of care with respect to Swift's employees; (2) that the Federal Motor Carrier Safety Regulations imposed a duty on Rite Aid to ensure the qualifications of Swift's drivers; and (3) that a shipper has a duty to investigate the competence of the carrier it hires. We address these contentions in turn.

■ 1. The contracts between Rite Aid and Swift conclusively establish that Swift was Rite Aid's independent contractor, not its partner. *Compare McDonald v. Shell Oil Co.*, 44 Cal.2d 785, 285 P.2d 902, 903 (1955) ("An independent contractor is one who renders service in the course of an independent employment or occupation, following his employer's desires only as to the results of the work, and not as to the means whereby it is to be accomplished."), *with Greene v. Brooks*, 235 Cal.App.2d 161, 165–66, 45 Cal.Rptr. 99 (Cal.Ct.App.1965) ("The ultimate test of the existence of a partnership is the intention of the parties to carry on a definite business as co-owners."). Swift controlled the manner in which it provided transportation services to Rite Aid.

■ 2. Rite Aid was not acting as a "motor carrier" as that term is defined in the Federal Motor Carrier Safety Regulations, *see* 49 C.F.R. § 390.5, because it hired Swift to provide transportation services. Swift, not Rite Aid, controlled the execution of those services. In any event, although the violation of a statute or regulation is relevant to the *standard* of care under California law, such a violation can-

---

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not supply a *duty* of care. *See Rosales v. City of Los Angeles,* 82 Cal.App.4th 419, 430, 98 Cal.Rptr.2d 144 (Cal.Ct.App.2000) ("The presumption of negligence created by [the doctrine of negligence *per se]* concerns the standard of care, rather than the duty of care."); *Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Assurance Co.,* 62 Cal.App.4th 1166, 1180, 73 Cal.Rptr.2d 182 (Cal.Ct.App.1998) ("[The] presumption of negligence applies only after determining that the defendant owes the plaintiff an independent duty of care....").

■ 3. The duty of an experienced shipper to investigate the competence of the carrier it hires applies where the shipment is unusually dangerous. *See L.B. Foster Co. v. Hurnblad,* 418 F.2d 727, 731–32 (9th Cir.1969). Where, by contrast, the shipment "[does] not involve any unusual risk to other highway users, ... a shipper ordinarily has the right to assume that the carrier is not conducting business in violation of law, and that the carrier utilizes proper equipment." *Id.* at 731. The Alaubalis presented no evidence that the shipment at issue was unusually dangerous. Furthermore, *Hurnblad* does not stand for the proposition that a shipper has a duty to investigate the qualifications of *each driver* employed by the carrier it hires.

In sum, we hold that, as a matter of law, Rite Aid owed no legal duty of care to the Alaubalis' decedent. We therefore do not reach the issue of whether the Alaubalis established the remaining elements of a cause of action for negligent entrustment.

**AFFIRMED.**