Filed 6/14/13 Gerash v. Verizon Online CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| GERALD A. GERASH,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>VERIZON ONLINE LLC et al.,<br><br>Defendants and Respondents. | B239823<br><br>(Los Angeles County<br>Super. Ct. No. BC459508)<br><br>**ORDER MODIFYING OPINION**<br>**and**<br>**DENYING PETITION FOR**<br>**REHEARING**<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

IT IS ORDERED that the opinion filed in the above-captioned matter on May 16, 2013, be modified, due to clerical error, to correct the inadvertent omission of portions of the text. The modifications are as follows:

1.      On page 7, delete the first paragraph and replace it with the following two paragraphs:

Third, plaintiff asserts that *Brewer*'s "new right–exclusive remedy" principle does not apply because the doctrine relates to remedies (which plaintiff equates with damages), "not [to] which court has jurisdiction." Plaintiff is again off the mark. The right to sue is a remedy. (*Lew v. Superior Court* (1993) 20 Cal.App.4th 866, 872 [describing "an action for damages in small claims court" as a "remedy"].)

Fourth, plaintiff points to Civil Code section 1428. That section states in part that "[a]n obligation arising from operation of law may be enforced in the manner provided by law, or by civil action or proceeding." Plaintiff seems to think this means he can enforce his section 1722 rights *either* in small claims court ("in the manner provided by law") *or* outside small claims court ("by civil action or proceeding"). That is not what Civil Code section 1428 means. It simply means that where a right is given by statute *without* any prescribed remedy, "'it may be enforced by any appropriate method recognized by the general law of procedure.'" (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 4, p. 66 ["'This principle is crystallized in section 1428 of the Civil Code.'"]; see also *Palo Alto*, *supra*, 65 Cal.App.3d at p. 131 [observing that a party aggrieved by violation of a new right created by statute "is confined to the statutory remedy if one is provided [citation]; otherwise any appropriate common law remedy may be resorted to," citing Civ. Code, § 1428].)

2.    On page 7, replace the entire third paragraph (beginning with "Finally") with the following two paragraphs and intervening heading, including a new footnote 2 at the end of the first paragraph:

Finally, plaintiff contends, by way of footnote, that if he is limited to small claims court (which he is), "the more appropriate procedure was for the trial court to reclassify the case for the small claims division of the court" rather than to dismiss the case. Plaintiff cites no case authority for this contention, and did not suggest this procedure to the trial court. We see no reason why a general jurisdiction court should not dismiss a case that may be brought only in small claims court. Plaintiff points out that an action that is reclassified—presumably as a limited civil case (see Code Civ. Proc., § 403.030), which may be brought in the small claims division if the case is within its jurisdiction (*id.*, § 87)—is deemed to have been

2

commenced when the complaint was initially filed, rather than at the time of reclassification.  (*Id.*, § 403.070, subd. (a).)  But plaintiff makes no claim that the statute of limitations has expired or will expire before he can file his small claims suit, so we see no prejudice to plaintiff in any event.[2]

## 2.     Judicial Notice and the "Utility" Issue

We would ordinarily have nothing more to say about plaintiff's section 1722 claim in small claims court.  But defendants asked the trial court to, and the trial court did, take judicial notice of documents purporting to show that defendant Verizon Online is not a utility and therefore not subject to section 1722.  The trial court included the latter ruling in the judgment of dismissal, so that the judgment expressly states as a matter of law that Verizon Online is not subject to section 1722.  This was error.

3.     Add the text of new footnote 2, as follows:

Plaintiff alleges Verizon's conduct occurred in February and March 2011.  The statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture," is three years.  (Code Civ. Proc., § 338, subd. (a).)

4.     On page 10, change the number of the heading now numbered "2" to "3."

5.     On page 14, change the number of the heading now numbered "3" to "4."

These modifications do not change the judgment.  The petition for rehearing is denied.

_____

BIGELOW, P. J.                          RUBIN, J.                          GRIMES, J.

3

Filed 5/16/13  Gerash v. Verizon Online CA2/8 (unmodifed version)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| GERALD A. GERASH,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>VERIZON ONLINE LLC et al.,<br><br>    Defendants and Respondents. | B239823<br><br>(Los Angeles County<br>Super. Ct. No. BC459508) |

        APPEAL from a judgment of the Superior Court for the County of Los Angeles. David L. Minning, Judge.  Affirmed as modified.

        Johnson & Johnson, Douglas L. Johnson and Nicholas A. Kurtz for Plaintiff and Appellant.

        Munger, Tolles & Olson, Henry Weissmann, James C. Rutten and Aaron G. Liederman for Defendants and Respondents.

        .

        _____

## SUMMARY

Civil Code section 1722 (hereafter section 1722) is a peculiar and obscure statute that applies only to utilities, cable television companies and retailers. Enacted in 1989, before widespread consumer use of the Internet, the part of the statute on which plaintiff relies requires utilities to inform their subscribers of their right to service connection or repair within an agreed upon four-hour period, and allows an action in small claims court, for actual damages not exceeding $600 if the service or repair is not begun within the agreed period. (The damages limit was $500 until a 2002 amendment raising it to $600.) Plaintiff Gerald A. Gerash brought a class action lawsuit in superior court against Verizon Online LLC and Verizon California, Inc., alleging violation of section 1722 (and, based on the same conduct, causes of action for negligence and for violation of the unfair competition law (UCL) and Consumer Legal Remedies Act (CLRA)).

We hold plaintiff's exclusive remedy under section 1722 lies in small claims court and therefore affirm the trial court's judgment of dismissal sustaining the defendants' demurrer on that ground. The trial court erred, however, in taking judicial notice of documents offered by defendants to establish that Verizon Online is an internet service provider and not a utility subject to section 1722. We also reject defendants' contention that plaintiff alleged no conduct by Verizon California, which is conceded to be a utility. The complaint alleged both defendants contracted with plaintiff to "upgrade his DSL (internet) speed and change his phone service." We need not decide whether Verizon California infringed plaintiff's section 1722 rights, as we accept as true all material facts alleged in the complaint on an appeal from the sustaining of a demurrer. We conclude the trial court properly dismissed all of plaintiff's other causes of action.

Accordingly, we affirm the judgment of dismissal, but order the judgment modified to the extent it purports to preclude plaintiff from filing a cause of action against Verizon Online in small claims court for violation of section 1722.

**FACTS**

Plaintiff's complaint refers to the two defendant companies collectively as "Verizon." He alleges he has been a "Verizon DSL and Verizon Wireless customer for many years." He entered a one-year contract with Verizon on February 28, 2011, "to upgrade his DSL (internet) speed and change his phone service." This contract is not in the record.

Verizon told him the change in DSL service would occur after a Verizon technician provided in-home service, to occur in about four days. Without notice, his internet connection was disconnected an hour later. He called Verizon on March 2 to ask what happened and was told the new DSL speed would be installed the next day, during a 10-hour window of time. Verizon changed the March 3 date to March 4, and on March 4 told plaintiff "that a technician would need to come to [his] home." A technician was scheduled to come on March 5, but on that date plaintiff received a recorded telephone message telling him a technician would come on March 6, between 8:00 a.m. and 8:00 p.m. Verizon continued to postpone and reschedule appointments, and plaintiff repeatedly had to wait at home for technicians who did not arrive.

On March 9, nine days after Verizon disconnected his service, a Verizon technician came to plaintiff's home and "performed the necessary adjustments to reconnect his internet access, and install his new DSL speed and phone service." During those nine days, plaintiff went to restaurants and coffee houses and had to pay them to access their internet service.

Plaintiff sued, alleging the facts just described and including class action allegations. He also alleged that "Verizon's recording to its customers tells them to wait in their homes for 12 hours for service calls." Defendants "have kept numerous customers waiting in their homes for Defendants [*sic*] services in excess of four hours" and "have failed to inform their customers of their right to have services performed within four[]hours." Plaintiff alleged causes of action for violation of section 1722, unfair business practices under the UCL (Bus. & Prof. Code, § 17200 et seq.), violation of the CLRA (Civ. Code, § 1750 et seq.), and negligence.

Defendants demurred to the first amended complaint. Defendants argued that (1) all causes of action against Verizon Online should be dismissed because, "as a matter of judicially noticeable fact," Verizon Online provides internet services, not public utility services, and is therefore not a "utility" subject to section 1722; and (2) although Verizon California "actually *is* a public utility," plaintiff "[did] not allege any facts indicating that this local telephone company violated the statute." Defendants relied on the Public Utility Code's definition of "public utility," which includes telephone corporations but not internet service providers,[1] and sought judicial notice of several exhibits purporting to show that the California Public Utilities Commission (CPUC) regulates telephone utilities, that Verizon Online is not on the CPUC's website list of telephone utilities it regulates, and that Verizon Online's terms of service state that it does not offer telephone services.

The trial court took judicial notice of the documents just described, and sustained the demurrer without leave to amend. The court's written order entering final judgment for defendants specified that the demurrer to plaintiff's section 1722 claim was sustained without leave to amend on the ground that an action in small claims court is the exclusive remedy and, with respect to Verizon Online, on the ground that it was not a utility subject to section 1722. The judgment of dismissal further states that plaintiff "remains free to file this cause of action against Verizon California in small claims court if he so chooses." The court also found plaintiff's other claims were not actionable.

This appeal followed.

## DISCUSSION

A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action. For

---

**1** The Public Utility Code states: "'Public utility' includes every common carrier, toll bridge corporation, pipeline corporation, gas corporation, electrical corporation, telephone corporation, telegraph corporation, water corporation, sewer system corporation, and heat corporation, where the service is performed for, or the commodity is delivered to, the public or any portion thereof." (Pub. Util. Code, § 216, subd. (a).)

purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. We also consider matters that may be judicially noticed. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Ibid.*) Plaintiff has the burden to show a reasonable possibility the complaint can be amended to state a cause of action. (*Ibid.*)

**1.     The Exclusive Remedy for a Section 1722 Violation**

All of plaintiff's causes of action rest on the premise that Verizon violated section 1722. Section 1722 requires cable television companies and utilities to inform their subscribers of their right to service connection or repair within a four-hour period if the presence of the subscriber is required. (§ 1722, subds. (b)(1) & (c)(1).) Similar requirements apply to the delivery and service or repair of merchandise by retailers. (§ 1722, subd. (a)(1).) If the service connection or repair is not begun within the agreed four-hour period, except for delays caused by unforeseen or unavoidable circumstances, "the subscriber may bring an action in small claims court against the [company or] utility for lost wages, expenses actually incurred, or other actual damages not exceeding a total of six hundred dollars ($600)." (*Id.*, subds. (b)(2) & (c)(2).)

Plaintiff asserts he may also bring an action in superior court, but the authorities are clear that he may not. "'[W]here a statute *creates* new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for statutory violations, unless it is inadequate.'" (*Brewer v. Premier Gulf Properties, LP* (2008) 168 Cal.App.4th 1243, 1252 (*Brewer*), quoting *De Anza Santa Cruz Mobile Estates Homeowners Assn. v. De Anza Santa Cruz Mobile Estates* (2001) 94 Cal.App.4th 890, 912 (*De Anza*); see also *Palo Alto-Menlo Park Yellow Cab Co. v. Santa Clara County Transit Dist.* (1976) 65 Cal.App.3d 121, 131 (*Palo Alto*) ["Where a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided."].) *Brewer* refers to this

5

principle as the "'new right–exclusive remedy' doctrine." (*Brewer*, at p. 1252.) Accordingly, because section 1722 creates new rights and obligations that are unrelated to any common law rights and obligations, the remedy provided by the statute is plaintiff's exclusive remedy.

Plaintiff does not contend the small claims remedy is inadequate, yet insists he can sue in superior court to recover the remedies enumerated in section 1722.

First, plaintiff cites statutory construction principles differentiating discretionary action ("may") from mandatory action ("shall"), and concludes that because the statute says he "may" bring an action in small claims court, he is not required to do so. Plaintiff fundamentally misreads the statute. He may choose to sue or not to sue, but if he does sue, there is only one place to do so: small claims court. Section 1722 is directed at a small problem, the annoyance and lost wages that can accompany delays in service repairs, for which the Legislature provided a small remedy not to exceed $600, recoverable in small claims court. If the Legislature had meant to permit consumers whose section 1722 rights are infringed to sue in small claims court or in some other court of plaintiff's choosing, the statute would not have specified the remedy is recoverable in small claims court.

Second, plaintiff cites *Mims v. Arrow Financial Services, LLC* (2012) 565 U.S. ___ [132 S.Ct. 740]. *Mims*, in the course of a discussion of concurrent jurisdiction, stated a "'general rule that the grant of jurisdiction to one court does not, of itself, imply that the jurisdiction is to be exclusive.'" (*Id.* at p. 749.) *Mims* does not apply here. *Mims* held that, where a federal consumer protection statute contained a permissive grant of jurisdiction to state courts, federal and state courts had concurrent jurisdiction over private suits arising under the statute. (*Ibid.*; *id.* at p. 745 ["We find no convincing reason to read into the [statute's] permissive grant of jurisdiction to state courts any barrier to the U.S. district courts' exercise of the general federal-question jurisdiction they have possessed since 1875."].) Principles of concurrent state and federal court jurisdiction are not relevant to the "new right–exclusive remedy" principle of California law.

6

Third, plaintiff asserts that *Brewer*'s "new right–exclusive remedy" principle does not apply because the doctrine relates to remedies (which plaintiff equates with damages), "not [to] which court has jurisdiction." That is not what Civil Code section 1428 means. It simply means that where a right is given by statute *without* any prescribed remedy, "'it may be enforced by any appropriate method recognized by the general law of procedure.'" (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 4, p. 66 ["'This principle is crystallized in section 1428 of the Civil Code.'"]; see also *Palo Alto*, *supra*, 65 Cal.App.3d at p. 131 [observing that a party aggrieved by violation of a new right created by statute "is confined to the statutory remedy if one is provided [citation]; otherwise any appropriate common law remedy may be resorted to," citing Civ. Code, § 1428].)

In sum, section 1722 admits of no ambiguity or doubt: it permits an action in small claims court for a statutory right that has never existed at common law. Accordingly, that remedy is exclusive. (*Brewer*, *supra*, 168 Cal.App.4th at p. 1252; *De Anza*, *supra*, 94 Cal.App.4th at p. 912; *Palo Alto*, *supra*, 65 Cal.App.3d at p. 131.)

Finally, plaintiff contends, by way of footnote, that if he is limited to small claims court (which he is), "the more appropriate procedure was for the trial court to reclassify the case for the small claims division of the court" rather than to dismiss the case. This was error.

Defendants contend that Verizon Online is not a utility and that, while Verizon California is a public utility, plaintiff "failed to allege that Verizon California did *anything*, much less anything to violate the law." That is not the case. We must accept as true the allegations of the complaint, and the complaint alleges both defendants contracted with him to "upgrade his DSL (internet) speed and change his phone service," and that a Verizon technician eventually "performed the necessary adjustments to reconnect his internet access, and install his new DSL speed and phone service." We cannot decide on this record which Verizon entities participated in the conduct allegedly violating section 1722.

7

We turn then to the question of judicial notice of documents purporting to establish that Verizon Online is not a utility subject to section 1722. We take no position on whether, if judicial notice were proper, the documents proffered would establish that Verizon Online is not a utility within the meaning of section 1722. The documents defendants offered to establish that Verizon Online provides internet services, not public utility services, were not properly subject to judicial notice.

The three documents presented were (1) a CPUC publication entitled "Regulatory Responsibilities of the [CPUC]," describing the CPUC's responsibility for regulating telecommunications utilities, among others; (2) a printout of a portion of the CPUC's website called "Utility Contact System Search," which displays search results for "Verizon" in the CPUC's database for all telephone corporations operating in California (showing that Verizon California is on the list, but Verizon Online is not); and (3) Verizon Online's "Terms of Service" (demonstrating, defendants asserted, but without identifying any particular provision, that Verizon Online is an internet service provider, not a telephone corporation).

Defendants contend the two CPUC documents are subject to judicial notice under Evidence Code section 452, subdivision (c) as "[o]fficial acts of the . . . executive . . . department[]" of the State of California. All three documents, they say, are "publicly available on the internet" and therefore are judicially noticeable as "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code, § 452, subd. (h).) We cannot agree with defendants on either point.

In *Hartwell Corp. v. Superior Court* (2002) 27 Cal.4th 256, the Supreme Court denied the plaintiffs' request for judicial notice "of what appear to be Internet articles found on a DHS [Department of Health Services] Web site." The articles indicated that a certain chemical was "an unregulated chemical that required monitoring." The court agreed with defendants that "the articles contain unauthenticated statements with no indication of author, custodian, date of creation, purpose, reliability, or veracity." (*Id.* at p. 279, fn. 12; see also *Conlan v. Shewry* (2005) 131 Cal.App.4th 1354, 1364 (*Conlan*)

8

[refusing to take judicial notice of a California State Auditor's report under Evid. Code, § 452, subd. (h); "[b]eyond the mere fact that the report exists, the availability of the report on the Internet hardly renders the content of the report 'not reasonably subject to dispute'"].)

To support their claim that documents from the CPUC's website are "official acts" of the State of California, defendants cite *Southern Cal. Gas Co. v. City of Vernon* (1995) 41 Cal.App.4th 209, 216 and footnote 3 (taking judicial notice of the CPUC's General Order No. 112-D, establishing minimum requirements for design, etc., of facilities used for gas transmission and distribution), and *Hogen v. Valley Hospital* (1983) 147 Cal.App.3d 119, 125 (taking judicial notice of certain files of the Board of Medical Quality Assurance relating to a report by the respondents in that case to the Board and to the charges ultimately brought against the appellant). Neither case involves, as here, an unauthenticated printout from the Internet, much less a printout of search results with no indication of who ran the search or of the reliability, date of creation, or anything else concerning the underlying database. Moreover, the results of a search of a government database simply cannot be said to be an "official act" of the State of California.

Defendants cite only one case, *Ampex Corp. v. Cargle* (2005) 128 Cal.App.4th 1569, to support their contention that the documents—including Verizon Online's terms of service—are judicially noticeable because they are "publicly available on the Internet" and therefore are "[f]acts and propositions . . . not reasonably subject to dispute and . . . capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code, § 452, subd. (h).) *Ampex* is not instructive here. *Ampex* was a defamation case where defendant posted messages critical of plaintiff Ampex on an internet message board. Various computer printouts from Ampex's website and the Yahoo message board were offered to show that they existed in the public eye; they were not offered for the truth of the matter asserted and thus were not hearsay. So, judicial notice was proper. That is not this case.

Accordingly, the CPUC documents are not subject to judicial notice either as official acts (Evid. Code, § 452, subd. (c)) or because they are "publicly available on the internet" and therefore "not reasonably subject to dispute" under Evidence Code section 452, subdivision (h). Nor is the document stating Verizon Online's Terms of Service subject to judicial notice under that subdivision. It is unauthenticated hearsay. As *Conlan* pointed out, the availability of a document on the Internet "hardly renders the content of the [document] 'not reasonably subject to dispute.'" (*Conlan*, *supra*, 131 Cal.App.4th at p. 1364.)

Because we are not persuaded judicial notice is proper, the judgment entered by the trial court will be modified to the extent it purports to preclude plaintiff from suing Verizon Online in small claims court.

**2.      Plaintiff's Other Causes of Action Were Properly Dismissed**

Plaintiff contends the trial court erred in dismissing the three other causes of action he alleged. We disagree.

**a.   Unfair business practices**

An unfair business practices claim under Business and Professions Code section 17200 is an equitable action by which a plaintiff may recover money or property obtained from the plaintiff through unfair or unlawful business practices. "By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180.) A practice "may be deemed unfair even if not specifically proscribed by some other law." (*Ibid.*) Thus, a practice "'"is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa."'" (*Ibid.*)

**i.   The "unfair" prong**

Plaintiff argued he should be granted leave to amend to allege additional facts in support of the "unfair" prong, seeking an injunction. Plaintiff acknowledged in briefing and at oral argument that the $600 remedy in ~~Civil Code~~ section 1722 is adequate to compensate for lost wages and expenses incurred by the delay in restoring and

10

upgrading his internet service. But he wants an injunction to make defendants offer a four-hour window of service to protect consumers from the annoyance and frustration of waiting in their homes for defendants' services longer than four hours.

Various tests have been applied to define the standard for relief under the "unfair" prong of the UCL. One of them involves "'weigh[ing] the utility of the defendant's conduct against the gravity of the harm to the alleged victim.'" (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 718 Another says a practice is unfair when it "'"offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."'" (*Id.* at p. 719.) Still another says that an unfair practice predicated on public policy "'must be "tethered" to specific constitutional, statutory or regulatory provisions.'" (*Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 940.) And yet another uses the factors that define unfairness under section 5 of the Federal Trade Commission Act (15 U.S.C. § 41 et seq.), one of which is that the consumer injury must be substantial. (*Camacho v. Automobile Club of Southern California* (2006) 142 Cal.App.4th 1394, 1403.)

Plaintiff has not stated how he might amend the complaint to allege an unfair business practice under any of these definitions. Plaintiff has never said what additional facts he might allege. At oral argument, he said he might uncover additional facts in discovery. But a plaintiff does not need discovery to know what injury he has suffered. On this record, we are not persuaded plaintiff has or can allege a UCL claim under the "unfair" prong of the statute.

### ii. The "unlawful" prong

Plaintiff contends that, since the trial court found he may file a small claims action under section 1722, then necessarily he can state a UCL claim under the "unlawful" prong.

Section 1722 does not forbid, prohibit, or proscribe any business practice or declare any conduct to be unfair, unlawful or otherwise against the law. It is a sui generis statute that requires utilities and a few others to provide their customers with a

11

four-hour period for service connection or repair and caps any recovery for an untimely repair at $600. In creating the small claims remedy for a practice that nothing in the common law or any statute has ever prohibited or declared to be an impediment to fair competition in commercial markets, the Legislature cannot have intended to brand a violation of section 1722 as "unlawful" within the meaning of the UCL.

### b. The CLRA claim

Plaintiff alleged defendants' conduct also violated the CLRA, specifically Civil Code section 1770, subdivision (a)(14). That provision states: "(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: [¶] . . . [¶] (14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."

The CLRA provision plaintiff cites does not apply.

First, plaintiff's complaint does not rest on a representation or omission in a transaction "intended to result or which results in the sale or lease of goods or services." (Civ. Code, § 1770, subd. (a).) Plaintiff already had Verizon internet service. He contracted "to upgrade his DSL (internet) speed and change his phone service." After he made his new contract, his service was disconnected and it took nine days to restore, all of which was inconvenient for him. But the CLRA was not intended to remedy postcontractual statements or omissions that result in inconvenience for the customer. (Cf. *Stickrath v. Globalstar, Inc.* (N.D. Cal. 2007) 527 F.Supp.2d 992, 996 [CLRA protects "only plaintiffs who have suffered harm 'as a result of' defendants' unlawful or unfair practices"; the plaintiffs failed to allege "that any of the misrepresentations were made before Plaintiffs' purchase" or that the representations were a substantial factor in the plaintiffs' decision to purchase the service].)

Second, even had plaintiff cleared the first hurdle, he stumbles on the second; he does not and cannot allege defendants "[r]epresent[ed] that a transaction . . . involv[ed] . . . obligations which it does not . . . involve . . . ." (Civ. Code, § 1770, subd. (a)(14).)

12

An "obligation" is defined in the Civil Code as a "legal duty, by which a person is bound to do or not to do a certain thing." (*Id.*, § 1427.) Plaintiff contends there was an "obligation for [plaintiff] to stay in his home while he awaited service, as this was the only way his Internet connection would be restored." While as a practical matter, either plaintiff or someone else had to let the technician enter, that is not the sort of "obligation" to which the CLRA refers, and indeed it is not an "obligation" at all. (See, e.g., Webster's 10th Collegiate Dict. (2001), p. 800, col. 1 [defining "obligation" as "the action of obligating oneself to a course of action (as by a promise or vow)"; "something (as a formal contract, a promise, or the demands of conscience or custom) that obligates one to a course of action"].) Plaintiff has never alleged defendants told him he had an "obligation" to stay home within any reasonable meaning of that term.

### c. The negligence claim

Plaintiff contends that defendants had a legal duty to inform him of the statutory four-hour window, and that their failure to do so constituted negligence, relying on the negligence per se doctrine.

First, plaintiff's negligence cause of action fails because defendants owed no duty of care to plaintiff to protect him from the annoyance of being without service and being inconvenienced by the technician. No such duty exists in common law, and not every statutory "duty" is a duty to exercise due care. Second, section 1722 does not create a negligence per se cause of action. Negligence per se is an evidentiary doctrine under which a person's failure "to exercise due care" is presumed if he violated a statute, the violation "proximately caused death or injury to person or property"; the death or injury "resulted from an occurrence of the nature which the statute . . . was designed to prevent"; and the "person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute . . . was adopted." (Evid. Code, § 669.)

The negligence per se doctrine does not apply where, as here, there is no cause of action for negligence. (*Rosales v. City of Los Angeles* (2000) 82 Cal.App.4th 419, 430 ["'[a]n underlying claim of ordinary negligence must be viable before the presumption

13

of negligence of Evidence Code section 669 can be employed'"; "'"it is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages"'"; the "presumption of negligence created by Evidence Code section 669 concerns the *standard* of care, rather than the *duty* of care"].)  And if that principle were not enough, in any event the presumption of negligence requires "death or injury to person or property."  (Evid. Code, § 669, subd. (a)(2); see also *California Service Station etc. Assn. v. American Home Assurance Co.* (1998) 62 Cal.App.4th 1166, 1178 ["'Nearly all the cases in which the presumption of negligence under Evidence Code section 669 has been applied involve what may be termed "safety" statutes, ordinances or regulations, that is, governmentally designed standards of care intended to protect a particular class of persons from the risk of particular accidental injuries.'"].)

**3.     Amendment of the Complaint**

Finally, plaintiff contends the trial court abused its discretion in not allowing him to amend his complaint.  As to his section 1722 claim, his desire to allege that defendants are "retailers" under section 1722 is moot in view of our conclusion that plaintiff's only remedy is in small claims court.  And as to his other causes of action, he says only that he could allege "additional facts" without saying what they are.  This does not meet plaintiff's burden to show a reasonable possibility the complaint could be amended to state a cause of action.  (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.)

14

## DISPOSITION

The judgment of dismissal is modified to eliminate all statements indicating that Verizon Online is not a utility subject to section 1722 and that plaintiff alleged no facts against Verizon California.  As so modified, the judgment of dismissal is affirmed. Defendants shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


GRIMES, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.