Filed 2/28/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SANTA ANA POLICE OFFICERS ASSOCIATION et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CITY OF SANTA ANA, <br><br> Defendant and Respondent. | G063075 <br><br> (Super. Ct. No. 30-2021-01230134) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Erick L. Larsh, Judge. Affirmed in part, reversed in part and remanded.

Corey W. Glave for Plaintiffs and Appellants.

O'Hagan Meyer, Soojin Kang and Alison A. Korgan for Defendant and Respondent.

\* \* \*

## INTRODUCTION

The Santa Ana Police Officers Association (SAPOA) and certain anonymous City of Santa Ana police officers, suing pseudonymously[1] as Doe Officers,[2] appeal from a judgment entered after the trial court sustained without leave to amend the demurrer of defendant City of Santa Ana (the City) to Plaintiffs' first amended complaint. Plaintiffs alleged the City had wrongfully disclosed the Doe Officers' confidential personnel records, failed to conduct an investigation in response to a citizen complaint brought by the SAPOA about that disclosure, and denied Plaintiffs' request for copies of communications regarding that disclosure.

Plaintiffs' first amended complaint incorporated those allegations into four causes of action. In the first cause of action, Plaintiffs asserted the alleged disclosure of confidential personnel records violated Penal Code section 832.7 and Evidence Code sections 1043 and 1045. In the second cause of action, Plaintiffs asserted the City was negligent in disclosing those records. In the third cause of action, Plaintiffs asserted the City's alleged failure to conduct an investigation of the SAPOA's complaint constituted a violation of Penal Code sections 832.5 and 832.7, subdivision (f)(1). In the fourth cause of action, Plaintiffs asserted the City's denial of their request for copies of communications violated the Meyers-Milias Brown Act, Government Code section 3500 et seq. (MMBA).

---

[1] I.e., anonymously using a pseudonym. These terms will be used interchangeably herein.

[2] We use the term Plaintiffs when referring to the SAPOA and the Doe Officers collectively.

2

Exercising our independent review (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415), we affirm in part and reverse in part. We affirm the judgment as to the Doe Officers because they had neither statutory authority nor court authorization to proceed anonymously using a pseudonym. As to the SAPOA, we conclude the trial court did not err by sustaining the City's demurrer to the first, second, and fourth causes of action. The trial court erred, however, by sustaining the City's demurrer to the third cause of action. We therefore affirm in part, reverse in part, and remand.

ALLEGATIONS

Plaintiffs' first amended complaint (FAC) alleges:

SAPOA is the recognized employee organization for all nonmanagement Santa Ana Police Department employees. Its primary purpose is to represent its members in their employment relations with the City and the Santa Ana Police Department. The Doe plaintiffs are officers employed as sworn, full-time police officers for the City and are members of SAPOA.

On February 25, 2021, a reporter with the Voice of OC (an online nonprofit media source) sent to the Santa Ana City Attorney, Sonia Carvalho, a request for public records (pursuant to the Public Record Act, Gov. Code, § 7920.000 et seq.) seeking a spreadsheet or breakdown of how many employees at the Santa Ana Police Department had been placed on paid administrative leave between January 1, 2016 and February 25, 2021. The public records request also asked Carvalho to provide the reasons for the employees being placed on paid administrative leave and a breakdown of total costs incurred by the City due to paid administrative leave for

3

Santa Ana Police Department employees between January 1, 2016 and February 25, 2021.

Plaintiffs allege that Carvalho and the City's manager, Kristine Ridge, have taken an anti-police stance "in order to appease members of the Santa Ana City Council [who] are opposed to police officers enforcing the laws they are sworn to uphold." Plaintiffs also believe that Carvalho and Ridge have routinely conspired with the City's chief of police, David Valentin, "to undermine those officers [who] appeal disciplinary actions and/or undermine the efforts of the [SAPOA] to represent its members."

March 26, 2021, Plaintiffs further allege the Santa Ana City Attorney's Office under Ridge's supervision, and/or the Santa Ana Police Department (under Valentin's supervision), "intentionally and purposely produced confidential records from the involved officers' personnel files." The disclosure was made without complying with Penal Code sections 832.5, 832.7, and 832.8 and/or Evidence Code sections 1043, 1044, and 1045. Plaintiffs believe the disclosure included data which identified the individual officers involved and thus violated Penal Code section 832.7, subdivision (d). Carvalho, Valentin, and Ridge were aware that peace officer personnel records are confidential.

In a letter dated April 21, 2021, Deputy Chief of Police Eric Paulson, on behalf of Valentin, informed the Voice of OC that confidential peace officer personnel records had been produced to it and requested that the confidential records be returned. On April 22, 2021, the Voice of OC refused to return the confidential records. Plaintiffs believe the City then failed to take any action to force the Voice of OC to return the documents.

4

Starting on April 27, 2021, the City notified certain of the officers whose confidential records had been disclosed of the disclosure to the Voice of OC. The City did not advise the officers what specific information had been released or of any rights they might have. The City's notices did not indicate whether the City would be taking further action to enforce the employees' rights. Also on April 27, 2021, Deputy Chief Paulson informed the SAPOA that confidential information of certain of its members had been disclosed. Paulson did not identify the officers whose confidential information had been disclosed but represented to the SAPOA that all affected officers had been notified. Paulson's statement that all affected officers had been notified of the disclosure was not true and, Plaintiffs believe, was "an intentional misrepresentation by [the City] to conceal the fact that the notifications to the effected [*sic*] employees had just begun."

The SAPOA filed a written complaint with Ridge and Human Resources Director Jason Motsick, requesting that the matter of the disclosure of confidential records be immediately investigated. Plaintiffs do not allege the date on which the complaint was filed. Plaintiffs' complaint was a "citizen complaint" which the City was required to investigate by Penal Code sections 832.5 and 832.7. The City neither conducted an investigation nor disciplined the City employees responsible for the disclosure. Even if the City did conduct an investigation, it failed to comply with Penal Code section 832.7, subdivision (f)(1), which requires the department or agency to provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition.

On April 28, 2021, the SAPOA and "a number of the effected [*sic*] officers" requested copies of any and all communications regarding the disclosure of the confidential personnel information, including (1) all e-mails

5

between representatives of the City, Santa Ana Police Department, and/or Voice of OC, (2) copies of all records that were produced to the Voice of OC, and (3) a list of the officers affected by the disclosure. The City, "as part of an ongoing plan and scheme to undermine and interfere with the [SAPOA]'s ability to represent its members," denied SAPOA's request and did not produce any of the documents and information requested.

Plaintiffs allege the City had and continues to have three unlawful policies or practices: (1) "releasing confidential peace officer information without notice to the effected [*sic*] employee and/or without compliance with the law"; (2) "not investigating citizen complaints against high ranking officials of the Santa Ana Police Department"; and (3) not informing the complaining party of the disposition of a complaint within 30 days of the disposition if the complaints are from the SAPOA, its members, or its legal counsel.

PROCEDURAL HISTORY

Plaintiffs' initial complaint asserted four causes of action: (1) violation of Penal Code section 832 et seq. (release of confidential information); (2) negligence per se; (3) violation of Penal Code sections 832.5 through 832.7 (failure to investigate complaint); and (4) violation of the MMBA, Government Code section 3500 et seq.

The complaint named as defendants not only the City, but also the Santa Ana Police Department and the Santa Ana City Attorney's Office, i.e., Valentin, Carvalho, and Ridge. On all causes of action, Plaintiffs requested declaratory relief, injunctive or other extraordinary relief, mandamus relief pursuant to Code of Civil Procedure section 1085, and ancillary relief (including damages and attorney fees) under Code of Civil Procedure sections 1090 and 1095.

6

Defendants brought demurrers to all causes of action in the complaint. Before the hearing on the demurrers, Ridge and Carvalho were dismissed on stipulation of the parties. The trial court sustained the demurrers of the Santa Ana Police Department and the Santa Ana City Attorney's Office without leave to amend and sustained the City's demurrer with leave to amend.

Plaintiffs' FAC kept the same four causes of action of the original complaint, eliminated some references to the Santa Ana Police Department and the Santa Ana City Attorney's Office, and made a few nonsubstantive changes. The City again demurred to all causes of action of the FAC. One ground for demurrer was "Plaintiffs Doe Officers may not prosecute this claim pseudonymously." Before the hearing on the demurrer, Valentin was dismissed with prejudice.

By minute order entered on June 16, 2023, the trial court sustained the City's demurrer to the FAC with leave to amend. The court concluded the SAPOA failed to allege facts establishing associational standing; the first, second, and third causes of action were barred because there is no private right of action for violation of the confidential disclosure procedures of Penal Code sections 832.5 and 832.7 and Evidence Code sections 1043 and 1046; and the fourth cause of action was barred because Plaintiffs did not file a complaint with and receive an initial determination from the Public Employment Relations Board.

A judgment of dismissal was entered on July 18, 2023. Plaintiffs timely appealed.

7

## DISCUSSION

### I.

### THE DEMURRERS WERE FILED ON TIME

Plaintiffs contend the City's demurrers to the original complaint and to the FAC were filed late. We conclude the demurrers were timely filed.

The City was served with the original complaint on December 23, 2021. A demurrer if any to the complaint was due within 30 days. (Code Civ. Proc., § 430.40, subd. (a).) Because the thirtieth day after December 23, 2021 was Saturday, January 22, 2022, the City's response to the complaint was due on Monday, January 24, 2022. (Code Civ. Proc., § 12a, subd. (a).)

Before a demurrer may be filed, Code of Civil Procedure section 430.41, subdivision (a) requires a demurring party to meet and confer with the party filing the complaint. If the parties are unable to meet and confer at least five days before the responsive pleading is due, the demurring party is granted an automatic 30-day extension of time in which to respond to the complaint by filing and serving a declaration stating a good faith attempt had been made to meet and confer and explaining why the parties were unable to do so. (*Id.*, subd. (a)(2).) On January 13, 2022, the Santa Ana City Attorney's Office sent Plaintiffs' counsel a letter explaining the asserted deficiencies in the complaint and stating, "please consider this Defendants['] attempt to meet and confer with Plaintiffs regarding the basis for a demurrer to the Complaint . . . ." Plaintiffs' counsel did not respond to the letter.

On January 24, 2022, the City's counsel filed and served a declaration pursuant to Code of Civil Procedure section 430.41, subdivision (a)(2), thereby securing a 30-day extension of time—to February 23, 2022—in which to file a demurrer. The City timely filed its demurrer on February 23, 2022.

After the trial court sustained the City's demurrer with leave to amend, Plaintiffs filed their FAC on December 27, 2022. As the complaint was electronically served, the City had an additional two days, for a total of 32 days, within which to respond to the complaint. (Code Civ. Proc., § 1010.6, subd. (a)(3)(B).) Because the thirty-second day after December 27, 2022 was Saturday, January 28, 2023, the deadline for the City to file its demurrer was Monday, January 30, 2023. (Code Civ. Proc., § 12a, subd. (a).) The City timely filed its demurrer to the FAC on January 30, 2023.

## II.

### THE DOE OFFICERS DO NOT HAVE AUTHORIZATION TO APPEAR ANONYMOUSLY

Upon our review of the record, it appeared the Doe Officers had not received court approval and did not have statutory authority to proceed anonymously. We therefore issued an order inviting the parties to submit letter briefs addressing whether the Doe Officers could appear pseudonymously and the appropriate remedy if they were not authorized to do so. Plaintiffs submitted a letter brief, as did the City.

Generally, the names of all parties to a civil action must be included in the complaint. (Code. Civ. Proc., § 422.40.) "Because of the inherently sensitive nature of some proceedings, statutes specifically allow for keeping certain parties' identities confidential." (*Department of Fair Employment & Housing v. Superior Court* (2022) 82 Cal.App.5th 105, 110 (*Department*).) For example, Civil Code section 3427.3 states "[h]ealth care patients, licensed health care practitioners, and employees, clients, and customers of the health care facility may use pseudonyms to protect their privacy" in an action under the Interference With Access to Health Care Act. In a lawsuit for knowingly sending electronic messages depicting obscene

9

material, Civil Code section 1708.85, subdivision (f)(1) states: "A plaintiff in a civil proceeding pursuant to subdivision (a), may proceed using a pseudonym, either John Doe, Jane Doe, or Doe, for the true name of the plaintiff and may exclude or redact from all pleadings and documents filed in the action other identifying characteristics of the plaintiff." These statutes each specifically and expressly authorize a party to appear anonymously using a pseudonym, for the reasons stated.

Here, Plaintiffs are suing under Penal Code sections 832.5 and 832.7, Evidence Code sections 1043 and 1045, and Government Code section 3500 et seq. None of those statutes specifically permit a plaintiff to sue anonymously. Penal Code sections 832.5 and 832.7 and Evidence Code sections 1043 and 1045 do not mention a private right of action at all.

Unless a statute specifically allows a plaintiff to sue under a pseudonym, a plaintiff must obtain court authorization in order to appear anonymously. (*Department, supra*, 82 Cal.App.5th at pp. 108, 111.) "Before a party to a civil action can be permitted to use a pseudonym, the trial court must conduct a hearing and apply the overriding interest test: A party's request for anonymity should be granted only if the court finds that an overriding interest will likely be prejudiced without use of a pseudonym, and that it is not feasible to protect the interest with less impact on the constitutional right of access." (*Id.* at p. 111.)

Because the statutes under which Plaintiffs sued do not specifically permit a plaintiff to proceed anonymously, it was incumbent upon the Doe Officers to obtain court authorization. "Procedurally, because a hearing is required, a party who wants to proceed anonymously will file the initial complaint or petition *conditionally* under a pseudonym and then move for an order granting permission to proceed that way. If the request is

10

granted, the initial pleading can remain. If pseudonym use is denied, the pleading must be amended to state the party's true name." (*Department, supra*, 82 Cal.App.5th at pp. 111–112 & fn. 1.) The Doe Officers did not follow that procedure and never moved for an order granting them permission to proceed under a pseudonym.

Plaintiffs argue that due to "the inherently sensitive nature" of their claims under Penal Code sections 832.5 and 832.7, "the individual officers should be authorized to proceed anonymously." But a statute must specifically permit a plaintiff to sue under a pseudonym for a plaintiff to do so without court authorization. If sensitive or confidential documents or information might be revealed in the litigation, a party can seek a protective order or request that documents be sealed. (See, e.g., *Garcia v. Superior Court* (2007) 42 Cal.4th 63, 71–72; Evid. Code, § 1045, subd. (d).) If Plaintiffs believed their claims were inherently sensitive, then the Doe Officers should have moved for an order granting permission to proceed anonymously. They failed to do so.

Plaintiffs argue the trial court tacitly granted the Doe Officers permission to proceed anonymously by overruling the City's demurrers as to both the initial complaint and the FAC for uncertainty. The City demurred to Plaintiffs' initial complaint on the ground the claims were uncertain in that the police officers were proceeding pseudonymously as Doe plaintiffs. The City demurred on other grounds too. The trial court sustained the City's demurrer with leave to amend and without specifying the grounds on which it sustained the demurrer.

The City demurred to Plaintiffs' FAC on the grounds, among others, that "Plaintiffs Doe Officers may not prosecute this claim pseudonymously" and "Plaintiffs Doe Officers' first cause of action is

11

uncertain." The trial court sustained with leave to amend the City's demurrer to the FAC and overruled the demurrer for uncertainty.[3]

As the Court of Appeal in *Department* explained, however, the trial court must "conduct a hearing" at which it must "apply the overriding interest test," and "must determine whether that party's privacy concerns outweigh the First Amendment right of public access to court proceedings." (*Department, supra*, 82 Cal.App.5th at pp. 109–111.) The trial court here did not conduct a hearing to apply the overriding interest test, or make the finding necessary to permit the Doe Officers to appear using a pseudonym.

As Plaintiffs point out, the City did not file its own appeal to challenge the trial court's rulings. But "allowing a party to litigate anonymously impacts the First Amendment public access right." (*Department, supra*, 82 Cal.App.5th at p. 111.) "In deciding the issue the court must bear in mind the critical importance of the public's right to access judicial proceedings. Outside of cases where anonymity is expressly permitted by statute, litigating by pseudonym should occur 'only in the rarest of circumstances.'" (*Id.* at pp. 111–112.) In addition, an appellate court may affirm a judgment "'if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons.'" (*Santa Ana Police Officers Assn. v. City of Santa Ana* (2017) 13 Cal.App.5th 317, 324.) We therefore

---

[3] In the City's demurrer to the FAC, the ground "Plaintiffs Doe Officers may not prosecute this claim pseudonymously" was stated separately from the ground "Plaintiffs Doe Officers' first cause of action is uncertain." Thus, by overruling the demurrer for uncertainty, the trial court did not necessarily overrule the demurrer based on the Doe Officers proceeding anonymously. Further, the demurrer for uncertainty became moot when the court sustained the demurrers on other grounds.

12

affirm the judgment as to the Doe Officers on the ground they could not proceed pseudonymously.

## III.

### THE TRIAL COURT DID NOT ERR BY SUSTAINING THE DEMURRERS TO THE FIRST AND SECOND CAUSES OF ACTION

A. *First Cause of Action: Wrongful Disclosure of Personnel Records*

In the first cause of action, Plaintiffs alleged the City intentionally disclosed the Doe Officers' confidential personnel information to the Voice of OC in violation of Penal Code section 832.7 and Evidence Code sections 1043 and 1045. We conclude the trial court did not err by sustaining the City's demurrer to the first cause of action.

In response to the California Supreme Court's ruling in *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*), the Legislature enacted Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 and 1046 to govern protection of peace officers' privacy. (*Pasadena Police Officers Assn. v. Superior Court* (2015) 240 Cal.App.4th 268, 285; *Rosales v. City of Los Angeles* (2000) 82 Cal.App.4th 419, 425 (*Rosales*).) Penal Code section 832.7, subdivision (a) declares: "[T]he personnel records of peace officers and custodial officers and records maintained by a state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code." Penal Code section 832.7 protects two categories of records: (1) a peace officer's personnel records and (2) records of complaints against the officer, including reports of findings from an investigation of the complaint. (*Pasadena Police, supra*, at p. 285.) The term "personnel records" is broadly defined to include records relating to a peace officer's personal information,

13

employment history, medical history, employment discipline, and complaints and investigations of complaints. (Pen. Code, § 832.8, subd. (a).)

Under Evidence Code section 1043, a litigant seeking disclosure of a peace officer's personnel records or records regarding a complaint must file a written motion which meets the requirements of section 1043, subdivision (b). Disclosure is permitted only upon a showing of good cause. (*Id.*, subd. (b)(3).) Upon receipt of a notice of motion under section 1043, subdivision (a), the governmental agency must notify the person whose records are being sought. (*Id.*, subd. (c).)

Relying on *Rosales, supra*, 82 Cal.App.4th 419, the City argues there is no private right of action for any kind of relief under the *Pitchess* statutes. In *Rosales*, a former police officer sued the defendant City of Los Angeles for its improper disclosure of his police personnel files. (*Id.* at p. 423.) The former police officer alleged the City of Los Angeles had disclosed those records in a civil lawsuit in which an underage female explorer scout had claimed the former police officer had engaged in inappropriate sexual contact with her. (*Ibid.*) The officer alleged the City of Los Angeles had not complied with Penal Code section 832.7 and Evidence Code sections 1043 and 1045 before making the disclosure. (*Rosales, supra*, at p. 423.) The police officer sought only damages. (*Ibid.*) The trial court sustained without leave to amend the City of Los Angeles's demurrer on the ground the statutory disclosure procedures related to peace officer personnel records did not give rise to a private cause of action.

The Court of Appeal affirmed the judgment of dismissal. The court examined Penal Code section 832.7 and Evidence Code sections 1043 and 1045 and concluded that although a peace officer has a conditional privilege in the officer's personnel records, the statutory scheme does not

14

provide a remedy or penalty for violation of its disclosure provisions. (*Rosales, supra,* 82 Cal.App.4th at pp. 426–427.) The statutory scheme, the court concluded, was comprehensive, and "the Legislature could have easily provided a remedy if one was intended." (*Id.* at p. 428.) Accordingly, the court held that "violation of the statutory procedures for disclosure of police personnel records does not give rise to a private right of action for *damages.*" (*Ibid.*, italics added.)

Plaintiffs therefore cannot recover damages for any wrongful disclosure of the Doe Officers' personnel records. The trial court concluded, and the City argues, *Rosales* eliminates any private cause of action, including a cause of action for injunctive or mandamus relief. *Rosales* does not so hold. The police officer in *Rosales* sought only damages and, in the holding we have quoted above, the *Rosales* court held only that violation of Penal Code section 832.7 and Evidence Code sections 1043 and 1045 does not give rise to a private right of action for *damages.*

However, Plaintiffs' claim for injunctive or mandamus relief based on wrongful disclosure is moot: The Doe Officers' personnel records were disclosed years ago. (*Haley v. Casa Del Rey Homeowners Assn.* (2007) 153 Cal.App.4th 863, 873 ["Injunctive relief is available to prevent future harm, not to address past harm"]; *Russell v. Douvan* (2003) 112 Cal.App.4th 399, 402 (*Russell*) ["[A]n injunction serves to prevent future injury and is not applicable to wrongs that have been completed"].) To state a cause of action for writ of mandate, the plaintiff must allege "a clear duty to act by the defendant" and "the defendant's ability to perform the duty." (*Collins v. Thurmond* (2019) 41 Cal.App.5th 879, 915.) The City has no ability to perform its duty not to disclose the Doe Officers' confidential personnel records because it already disclosed them. Or, viewed another way, a

15

mandamus claim is moot because there is nothing for us to mandate. (See *Oracle v. Santa Cruz County Planning Dept.* (N.D.Cal., May 15, 2009, No. C 09-373 JF (PVT)) 2009 U.S.Dist. Lexis 41754, *15–*16, fn. 3.)

Plaintiffs also sought injunctive or mandamus relief to prevent future disclosure of police officer personnel records by the City without compliance with Penal Code section 832.7 and Evidence Code sections 1043 and 1045. "An injunction is authorized only when it appears that wrongful acts are likely to recur." (*Russell, supra*, 112 Cal.App.4th at p. 402; see *Madrid v. Perot Systems Corp.* (2005) 130 Cal.App.4th 440, 464 ["an injunction may not issue unless the alleged misconduct is ongoing or likely to recur"].) Plaintiffs' first cause of action did not allege facts sufficient to support a claim of injunctive or mandamus relief to prevent future conduct. Plaintiffs do not allege that wrongful disclosure of police officer confidential records is impending, threatened, or "'so immediately likely as only to be avoided by issuance of the injunction.'" (*Oroville Dam Cases* (2023) 96 Cal.App.5th 173, 184.)

Plaintiffs alleged "the City's practice of unlawfully releasing confidential peace officer information without notice to the effected [*sic*] employee and/or without compliance with the law was ongoing." That allegation is a conclusion we need not accept as true. (See *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 ["'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law'"].) The only fact alleged to support that conclusion is the single incident of disclosure of the Doe Officers' confidential personnel records, which, it is alleged, the City acknowledged should not have occurred.

B.  *The Second Cause of Action: Negligence Per se*

In the second cause of action, Plaintiffs alleged the City's disclosure of the Doe Officers' confidential personnel information constituted negligence per se. Plaintiffs neither make any argument regarding nor address their second cause of action for negligence per se. They have therefore either forfeited any argument (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785) or failed to meet their burden of demonstrating error in sustaining the demurrer to that cause of action (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146).

IV.

THE THIRD CAUSE OF ACTION STATES A CLAIM BASED ON
FAILURE TO INVESTIGATE THE SAPOA'S COMPLAINT

In the third cause of action, Plaintiffs alleged the City breached its duty to investigate the SAPOA's written complaint, and, if the City did conduct an investigation, the City breached its duty to notify the SAPOA of the disposition of the complaint within 30 days of the disposition.

The third cause of action is grounded on Penal Code sections 832.5, subdivision (a) and 832.7, subdivision (f)(1).  Section 832.5 requires each department or agency in California that employs peace officers to establish a procedure to investigate complaints by members of the public against the personnel of these departments or agencies. Section 832.7, subdivision (f)(1) states: "The department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition."

Based on *Rosales, supra*, 82 Cal.App.4th 419, the trial court concluded, and the City argues, Plaintiffs' third cause of action does not state a claim because the peace officer confidentiality statutes do not give rise to a

17

private cause of action. *Rosales* is not so broad. It only addresses the disclosure statutes—Penal Code section 832.7 and Evidence Code sections 1043 and 1045. *Rosales* does not address the investigation statutes— Penal Code sections 832.5 and 832.7, subdivision (f)(1)—which are the basis of the third cause of action.

Although the investigation statutes do not specifically provide an enforcement mechanism, Code of Civil Procedure section 1085, the mandamus statute, broadly allows for a writ of mandate to enforce ministerial duties. "'A writ of mandate under Code of Civil Procedure section 1085 is a legal tool to compel a public agency to perform a legal, typically ministerial, duty.' [Citations.] 'A ministerial duty is an act that a public agency is required to perform in a prescribed manner under the mandate of legal authority without the exercise of judgment or opinion concerning the propriety of the act. [Citation.]' . . . . 'The writ will issue against a county, city, or other public body, or against a public officer.' [Citation.]" (*Los Angeles County Employees Retirement Assn. v. County of Los Angeles* (2024) 102 Cal.App.5th 1167, 1199.) Plaintiffs seek such a writ of mandate to compel the City to perform its ministerial duty of conducting an investigation of the SAPOA complaint and timely reporting the City's disposition.

*Galzinski v. Somers* (2016) 2 Cal.App.5th 1164 (*Galzinski*) supports Plaintiffs' claim for mandamus relief. In *Galzinski*, the plaintiff submitted a complaint to the Sacramento Police Department (the department) against three of its officers related to the taking of biological samples from the plaintiff following his arrest. (*Id.* at p. 1166.) Over three years later, the department's internal affairs division notified the plaintiff that it had reviewed his complaint but would take no further action on it

18

because it raised issues which should have been litigated during the plaintiff's criminal trial. (*Ibid.*)

The plaintiff thereupon filed a verified petition for writ of mandate in the superior court against the police chief and the three officers who handled the complaint. The writ petition sought to compel the police chief and the officers to properly investigate the plaintiff's complaint and/or make official findings as to the merit of the allegations. (*Galzinski, supra*, 2 Cal.App.5th at p. 1168.) In response to the petition, the defendants argued the department had complied with its duty under Penal Code section 832.5, subdivision (a) by establishing a procedure for the investigation of citizen complaints and making a written description of that procedure publicly available. (*Galzinski, supra*, at pp. 1168–1169.)

The superior court denied the plaintiff's writ petition. The court agreed with the defendants that the department had complied with Penal Code section 832.5, subdivision (a) and concluded that the plaintiff was merely complaining about the manner in which the department had investigated the complaint. (*Galzinski, supra*, 2 Cal.App.5th at p. 1169.)

On appeal, the plaintiff in *Galzinski* made the same contention Plaintiffs make here: "[T]he superior court improperly denied his writ petition because defendants had a ministerial duty to investigate his citizen's complaint and to render a finding on that complaint in compliance with the complaint procedure the department established and made public pursuant to subdivision (a)(1) of Penal Code section 832.5." (*Galzinski, supra*, 2 Cal.App.5th at p. 1170.) The Court of Appeal agreed and reversed the denial of the plaintiff's writ petition. The Court of Appeal concluded the department had established a procedure for investigating citizen complaints, as required by Penal Code section 832.5, subdivision (a), and therefore had a

19

ministerial duty to investigate complaints in a manner which complied with that procedure. (*Galzinski, supra*, at pp. 1172–1173.) The department had not complied with that procedure but had denied the complaint based on a mere facial review of its allegations. (*Id.* at p. 1175.) Accordingly, the plaintiff was "entitled to a writ of mandate compelling defendants to perform their ministerial duty to satisfy the obligations imposed by the department's published procedure." (*Id.* at p. 1167.)

The City argues this case is different from *Galzinski* because Plaintiffs did not allege facts to support a claim that either their complaint was not addressed or an investigation was not conducted. We disagree. Plaintiffs alleged the City and the Santa Ana Police Department had established and published procedures for receiving and investigating complaints and that procedure "obligated the department to conduct an investigation into the allegations of the complaint that was sufficient to allow a decision-maker [to] make four possible findings, and the procedure obligated the Chief of Police to make one of those findings with respect to each allegation[ ] of misconduct." Plaintiffs alleged the SAPOA filed a written complaint "requesting that the matter be immediately investigated," but the City failed to conduct an investigation or, if the City did conduct an investigation, it failed to notify Plaintiffs of its outcome of the investigation, as required by Penal Code section 832.7, subdivision (f)(1). We assume the truth of those allegations. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

Plaintiffs alleged "[the City] had a ministerial duty to investigate the [SA]POA's citizen's complaint and to render a finding on that complaint in compliance with the complaint procedure the department established and made public pursuant to subdivision (a)(1) of Penal Code section 832.5."

20

The City asserts the failure by Plaintiffs to allege the date of the SAPOA's complaint is a fatal defect because, without a date, "there is no way of knowing from the pleadings whether the City investigated the complaint within any particular timeframe" or whether the City timely notified Plaintiffs of the disposition of SAPOA's complaint. Under the relevant standard of review, we construe the complaint liberally, give it a reasonable interpretation, and read the complaint as a whole and its parts in context. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865; *Shaw v. Los Angeles Unified School Dist.* (2023) 95 Cal.App.5th 740, 753.) When the FAC is read as a whole and in context, it is clear the timeframe in which the City investigated the complaint is not a critical allegation because the FAC alleged the City *never* investigated the complaint and, if it did, *never* notified Plaintiffs of the disposition.

The City argues that Penal Code section 827.5 concerns only investigations of peace officers, and the FAC alleges wrongdoing by the City and the Santa Ana City Attorney's Office, which are not peace officers. Penal Code section 832.5, subdivision (a)(1) is not so restricted: It requires the establishment of procedures to investigate complaints by members of the public against "*the personnel*" of departments or agencies that employ peace officers. (Italics added.) The FAC alleges Police Chief Valentin participated in the disclosure of confidential personnel records and Deputy Chief Paulsen requested the Voice of OC to return the records and notified the affected officers and the SAPOA of the disclosure.

The City argues that Plaintiffs have cited no authority requiring it to report to them regularly on the outcome of any investigation. That is not what Plaintiffs have alleged: They alleged the City either never conducted an investigation or never notified them of the ultimate disposition of the

21

SAPOA's complaint. The City also argues that Plaintiffs have not established that Penal Code section 832.5 creates a cause of action to compel completion of every investigation in response to a complaint. As explained in *Galzinski*, Penal Code section 832.5, subdivision (a) requires the creation of procedures to investigate citizen complaints, and mandamus relief under Code of Civil Procedure section 1085 is available to compel compliance with those procedures.

The trial court sustained the City's demurrer on the additional ground that the SAPOA lacked associational standing. As to the third cause of action, SAPOA had standing in its own right because Plaintiffs alleged the SAPOA, not the Doe Officers, filed the complaint with the City. (Code Civ. Proc., § 367 [every action must be prosecuted in the name of the real party in interest].) Further, Plaintiffs alleged the SAPOA is the recognized employee organization with the right to represent all nonmanagement Santa Ana Police Department employees. (See Gov. Code, §§ 3503, 3504.) Police officer organizations, such as the SAPOA, regularly bring litigation to enforce their members' rights. (E.g., *Long Beach Police Officers Assn. v. City of Long Beach* (2014) 59 Cal.4th 59; *Santa Ana Police Officers Assn. v. City of Santa Ana, supra*, 13 Cal.App.5th at p. 317.)

V.

### THE TRIAL COURT DID NOT ERR BY SUSTAINING THE DEMURRER TO THE FOURTH CAUSE OF ACTION

The FAC alleged the City violated the MMBA by denying the SAPOA's request for information, made in April 2021, regarding disclosure of the Doe Officers' confidential personnel records. The MMBA affirms the right of public employees "to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of

22

representation on all matters of employer-employee relations." (Gov. Code, § 3502.) The denial of the request for information was alleged to have violated Government Code sections 3506 and 3506.5, subdivision (b). Section 3506 states: "Public agencies and employee organizations shall not interfere with, intimidate, restrain, coerce or discriminate against public employees because of their exercise of their rights under Section 3502." Section 3506.5, subdivision (b) states that a public entity may not "[d]eny to employee organizations the rights guaranteed to them by this chapter."

The trial court sustained the demurrer to the fourth cause of action on the ground Plaintiffs did not allege they had exhausted their administrative remedies by filing a complaint with and receiving a decision from the Public Employment Relations Board (PERB) pursuant to Government Code section 3509. Plaintiffs correctly point out that Government Code section 3511 exempts "persons who are peace officers as defined in Section 830.1 of the Penal Code," such as the Doe Officers, from PERB jurisdiction. (Gov. Code, § 3511; see *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1077, fn. 1.) We have concluded, however, the Doe Officers may not appear on any of the causes of action anonymously using a pseudonym.

The SAPOA itself, however, is not a peace officer and therefore must exhaust administrative remedies before bringing an MMBA claim. (See *Association of Orange County Deputy Sheriffs v. County of Orange* (July 15, 2019) PERB Decision No. 2657-M, p. 6; *Santa Clara County Correctional Peace Officers Association v. County of Santa Clara* (June 10, 2015) PERB Decision No. 2431-M, p. 15.)

## DISPOSITION

The judgment is affirmed as to the Doe Officers. As to the SAPOA, the judgment is reversed with respect to the third cause of action and in all other respects is affirmed. The matter is remanded for further proceedings. In the interest of justice, no party may recover costs on appeal.

SANCHEZ, ACTING P. J.

WE CONCUR:

DELANEY, J.

GOODING, J.